IN THE UNITED STATS DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, and<br>TACTICAL RABBIT, INC.<br><br>    vs.<br><br>WILLIAM RUZICH, and LINDSAY MORAN, and KYESON UTLEY, and DAVID MARCHANT, and KYC NEWS, INC. t/a/d/b/a OFFSHOREALERT, and ARIZONA BOARD OF REGENTS, and ARIZONA STATE UNIVERSITY, and ARACARI PROJECT, and SPYSCAPE ENTERTAINMENT | NO. 2:24-cv-1222 |

**DEFENDANTS ARIZONA BOARD OF REGENTS
AND ARIZONA STATE UNIVERSITY'S (A NON-JURAL ENTITY)
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND F.R.C.P. 12(b)(6)**

Defendants Arizona Board of Regents (hereinafter "ABOR") and Arizona State University ("ASU") (a non-jural entity) respectively submit this Memorandum of Law in support of their Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6).[1]

### I.     FACTUAL BACKGROUND

On March 22, 2024, Plaintiffs filed a Complaint in this matter. (ECF #1). On April 23, 2024, Plaintiffs served ABOR with the Complaint. Plaintiffs aver that they are in the business of providing "sophisticated privately owned intelligence gathering services." (ECF #1, ¶¶ 11-12). Plaintiffs aver that defendants Moran, Ruzich, Marchant, and Utley worked for Plaintiffs. (ECF

---

[1] A sovereign immunity challenge is brought under F.R.C.P. 12(b)(1), lack of subject matter jurisdiction. Díaz-Morales v. Univ. de P.R., 2023 U.S. Dist. LEXIS 64761, at *3 (D.P.R. 2023). A non-jural defense is brought under F.R.C.P. 12(b)(6). Evans v. Reeves Cty. Det. Ctr., 2010 U.S. Dist. LEXIS 154342, at *1 (W.D. Tex. 2010). The defense based on the Arizona Notice of Claim Statute is also brought under F.R.C.P. 12(b)(6).

#1, ¶ 21). One of the employees is alleged to have been an intern from ASU. Plaintiffs aver that the employees misrepresented a criminal charge against their employer, plaintiff Everett Stern causing Plaintiffs harm. (ECF #1, ¶ 22).

As to ABOR and ASU, Plaintiffs aver that they are both located in the State of Arizona. (ECF #1, ¶¶ 7-8). Plaintiffs aver that they provided an internship to an ASU student and that ABOR and ASU failed to provide an intern that "would act honestly and without selfish disregard for the rights of Plaintiffs." (ECF #1, ¶ 25). Plaintiffs aver that ABOR and ASU failed to screen and train the intern. (ECF #1, ¶ 25). Plaintiffs assert the following causes of action:

- Breach of Contract (Count I) against the employees and the intern.

- Intentional Interference with Prospective Economic Advantage and Tortious Interference of Contract (Count II) against all Defendants.

- Negligent Interference with Prospective Economic Advantage (Count III) against all Defendants.

- Unfair Competition (Count IV) against all Defendants.

- Trespass (Count V) against all Defendants.

- Unjust Enrichment (Count VI) against all Defendants.

- Negligence (Count VII) against all Defendants.

Nowhere in Plaintiffs' Complaint do they aver that they complied with the Arizona Notice of Claim Statute, Ariz. Rev. Stat. § 12-821.01, before attempting to bring suit.

As discussed below, ABOR and ASU should be dismissed due to Eleventh Amendment Immunity in federal court. ASU also should be dismissed as a non-jural entity. Lastly, ABOR cannot be sued at this point because Plaintiffs failed to comply with Arizona's Notice of Claim Statute, thus, Plaintiffs' claims are barred under state law.

II. **QUESTIONS PRESENTED**

    A.    Are ASU and ABOR immune from suit under the Eleventh Amendment in federal court?

        *Suggested Answer*:    Yes.

    B.    Is ASU a non-jural entity that cannot be sued?

        *Suggested Answer*:    Yes.

    C.    Are Plaintiffs' claims barred by their failure to comply with Arizona's Notice of Claim Statute, Ariz. Rev. Stat. § 12-821.01?

        *Suggested Answer*:    Yes.

III. **LEGAL DISCUSSION**

    A.    **ASU and ABOR are Immune from Suit under the Eleventh Amendment**

It is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). This immunity also extends to state agencies and other government entities properly characterized as "arm[s] of the State." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1997).

ASU, a non-jural entity, and ABOR are both immune from suit under the Eleventh Amendment.[2] Ansel Adams Publishing Rights Trust v. PRS Media Partners, LLC, 502 Fed.Appx. 659, 660-61 (9th Cir. 2012) (ABOR, as the governing body of Arizona's public universities, is immune from federal law suits pursuant to the Eleventh Amendment); Gorney v. Arizona Bd. of Regents, 2013 U.S. Dist. LEXIS 136573, *3 (D. Ariz. 2013) ("The [Arizona Board of Regent]'s funds consist of state funds and it is treated as the State of Arizona pursuant to Arizona law.");

---

[2]    The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1349 (9th Cir. 1981), abrogated on other grounds by *Haygood v. Younger*, 769 F.2d 1349 (9th Cir. 1985) (en banc) (holding Eleventh Amendment immunity extended to ABOR and ASU regardless of ASU's jural status because ABOR "is treated as the State of Arizona under Arizona law," "its funds are state funds," and "Arizona State University is not materially different for Eleventh Amendment purposes.") ; Ronwin v. Shapiro, 657 F.2d 1071, 1073 (9th Cir. 1981) ("[W]e conclude that the [Arizona] Board of Regents is protected by the eleventh amendment, and further, that the Board is not a "citizen" within the meaning of 28 U.S.C. § 1332."); Arizona Bd. of Regents v. Arizona York Refrigeration Co., 115 Ariz. 338, 565 P.2d 518 (Ariz. 1977); Isaacs v. Trs. of Dartmouth Coll., 2014 U.S. Dist. LEXIS 118046, at *41-42 (E.D. Pa. 2014).

The case of Isaacs v. Trs. of Dartmouth Coll., supra, is instructive. Issacs was forced to resign from medical residency at the University of Arizona Health Sciences Center after a person allegedly communicated to the University of Arizona about a disciplinary matter Issacs had at a prior medical school and for which later he was cleared. Later, Issacs asserted he lost a residency at Dartmouth because a doctor at Dartmouth, who was formally at the University of Arizona, wrongly informed Dartmouth of the prior disciplinary matter. Issacs sued both ABOR and the University of Arizona. Issacs filed his lawsuit in the Eastern District of Pennsylvania because he resided in Pennsylvania. Judge Tucker dismissed both ABOR and the University of Arizona. Judge Tucker noted that ABOR and the University of Arizona were "arms" of the State of Arizona and as such they could not be sued due to Eleventh Amendment immunity. 2014 U.S. Dist. LEXIS 118046, at *41.

Returning to the present matter, as the above caselaw demonstrates both ASU and ABOR are arms of the State of Arizona. As arms of the State of Arizona, ASU and ABOR are both subject to Eleventh Amendment immunity that applies to the states. ASU and ABOR should be dismissed.

### B. ASU is a Non-Jural Entity that Cannot be Sued

ASU is a non-jural entity that lacks capacity to sue or be sued in its own name, and as such, is not subject to suit. "In Arizona, the powers of any agency are defined by the statutes creating it." Lazarecu v. Arizona State Univ., 230 F.R.D. 596, 601 (D. Ariz. 2005). [T]he statutes creating the entity must provide the agency with the power to sue and be sued." *Id.*, citing Kimball v. Shofstall, 17 Ariz.App. 11, 13, 494 P.2d 1357, 1359 (Ct. App. 1972) "Arizona Revised Statute § 15-1601 authorized the establishment of Arizona State University, but it did not grant the university the power to sue or be sued. Instead, pursuant to Ariz. Rev. Stat. § 15-1625, that authority is vested with [ABOR], which oversees ASU." Lazarecu, 230 F.R.D. at 601

This Court has likewise found that non-jural entities overseen by ABOR lack capacity to be sued in its own name. *See* Isaacs v. Trs. of Dartmouth Coll., No. 13-5708, 2014 U.S. Dist. LEXIS 118046, at *42 (E.D. Pa. 2014) (finding University of Arizona Health Sciences Center was a non-jural entity and could not be be sued in its own name), citing Ansel Adams Publishing Rights, 502 Fed.Appx. at 660 ("As a non-jural entity under Arizona law, the University [ASU] cannot be sued in its own name; rather, the Arizona Board of Regents (Board), as the governing body for Arizona's public universities, is the proper defendant for all actions against the University."). For this additional reason, ASU should be dismissed.

**C.     Plaintiffs' Lawsuit is Barred by Their Failure to Comply with the Arizona Notice of Claim Statute, Ariz. Rev. Stat. § 12-821.01**

Under Arizona law, to bring a claim against a public entity or public school the claimant must first comply with the Arizona Notice of Claim Statute, Ariz. Rev. Stat. § 12-821.01. Among other things, the statute requires notice of a claim within 180 days after it accrues:

> 12-821.01. Authorization of claim against public entity, public school or public employee
>
> A.     Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. § 12-821.01(A). Under the statute, "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." Ariz. Rev. Stat. § 12-821.01(B). In the present matter, Plaintiffs do not aver that they complied with this provision. Accordingly, their lawsuit is barred and should be dismissed.

**IV.     CONCLUSION**

Defendants Arizona Board of Regents and Arizona State University (a non-jural entity) respectively request that their Motion to Dismiss be granted and that they be dismissed due to Eleventh Amendment Immunity and that Arizona State University be also dismissed for being a non-jural entity. In addition, Plaintiffs' lawsuit is barred because they did not comply with the Arizona Notice of Claim Statute before filing the present lawsuit.

|  | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
|---|---|
| Date: May 14, 2024 | By: /s/ Chester F. Darlington<br>Lee J. Janiczek, Esq.<br>Chester F. Darlington, Esq.<br>550 E. Swedesford Road, Suite 270<br>Wayne, PA 19087<br>(215) 977-4100 telephone<br>(215) 977-4101 facsimile<br>Lee.Janiczek@lewisbrisbois.com<br>Chester.Darlington@lewisbrisbois.com<br>Attorneys for Defendants<br>Arizona Board of Regents and<br>Arizona State University (a non-jural entity) |

140221286.1    7