MARK THOMAS SOPHOCLES, LLC
MARK T. SOPHOCLES, ESQUIRE
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PA SUPREME COURT ID # 74998
610.651.0105
FAX 610.651.0106
MARK@MARKSOPHOCLES.COM

ATTORNEY FOR PLAINTIFFS
EVERETT STERN
TACTICAL RABBIT, INC.


JURY TRIAL DEMANDED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL LAW DIVISION

| | |
|---|---|
| EVERETT STERN<br>243 Falcon Ridge Road<br>Saint Augustine, FL 80202<br><br>and<br><br>TACTICAL RABBIT, INC<br>2929 Arch St, Ste 1700<br>Philadelphia, PA, 19104<br><br>      Plaintiffs,<br>V.<br><br>WILLIAM RUZICH<br>314 Mockingbird Lane<br>Waterloo, Il 62258<br><br>and<br><br>LINDSAY MORAN<br>218 Taylor Avenue<br>Annapolis, MD 21401<br><br>and<br><br>KYESON UTLEY<br>3969 Prairie Creek<br>New Braunfels, TX, 78132<br><br>and<br><br>DAVID MARCHANT<br>176 Shady Hollow | CASE: 2:24-cv-01222-WB |

| | |
|---|---|
| **Nederland, CO, 80466**<br><br>**and**<br><br>**KYC NEWS, INC. T/A/D/B/A**<br>**OFFSHOREALERT**<br>**113 SE 1st Avenue**<br>**Suite #173**<br>**Miami, FL 33131**<br><br>**and**<br><br>**ARIZONA STATE UNIVERSITY**<br>**1200 E University Blvd**<br>**Tucson, AZ 85721**<br><br>**and**<br><br>**ARACARI PROJECT**<br>**6801 Jefferson St. NE.**<br>**Suite 150**<br>**Albuquerque, NM 87109**<br><br>**and**<br><br>**SPYSCAPE ENTERTAINMENT**<br>**928 8th Avenue**<br>**New York, NY 10019**<br><div align="right">**Defendants.**</div> | |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**</u>

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Tactical Rabbit, Inc. and Everett Stern, (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of their motion seeking leave to move the Court to file the attached Amended Complaint for clarifying and describing in more specific terms the averments, factual allegations and causes of action against Defendants ("Amended Complaint").

1.    The Federal Rules of Civil Procedure permit the filing of this Amended Complaint.

2.      Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

3.      Plaintiffs move to file the Amended Complaint within the time permitted by the Court such that allowing Plaintiffs to file the Amended Complaint would serve justice and promote judicial efficiency.

4.      Further, there is no substantial or undue prejudice, bad faith, undue delay, or futility to the Court or the litigants by virtue of this filing.

5.      Pursuant to Rule 15, Plaintiffs,Tactical Rabbit, Inc. (formerly incorrectly designated as Tactical Rabbit, LLC) and Everett Stern(collectively, "Plaintiffs") move the Court for leave to file the attached Amended Complaint ("Amended Complaint").

6.      Based on additional facts and information, Plaintiffs seek leave to amend the original Complaint to add specific factual allegations and information establishing the basis for liability against Defendants. Through the proposed Amended Complaint, Plaintiffs also seek to streamline this action and to correct typographical errors.

**I.      PROCEDURAL BACKGROUND**

Plaintiffs filed the original Complaint on March 22, 2024, alleging that the original Defendants were liable to Plaintiffs as set forth in the original Complaint filed in this action (incorporated by reference as if fully set forth at-length herein)

**II.      THE AMENDED COMPLAINT**

The facts and information detailed in the proposed Amended Complaint support Plaintiffs' new counts, corrects certain spelling and business entity designations as described below and more specifically set forth in the proposed Amended Complaint (See Exhibit "A")

**A.      New Count CIVIL CONSPIRACY**

Under Pennsylvania law, a cause of action for civil conspiracy requires:

1) a combination of at least two individuals acting with a common purpose of committing a criminal act or intentional tort, 2) an overt act in furtherance of this agreement, and 3) actual legal damage to the plaintiff.

The Plaintiffs also allege that the conspirators acted with malice, i.e., that they took unlawful actions with the specific intent to injure the Plaintiffs. *See Kline v. Sec. Guards, Inc.,* 386 F.3d 246, 262 (3d Cir. 2004); *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.,* 885 A.2d 1127, 1140 (Pa. Commw. Ct. 2005) (citation omitted); *Lilly v. Boots & Saddle Riding Club,* No. 57 C.D. 2009, 2009 WL 9101459, at *5 (Pa. Commw. Ct. July 17, 2009). The proposed Amended Complaint offers factual and legal averments supporting this Count based upon this legal standard.

## III.    LEGAL STANDARD AND ARGUMENT

Federal Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); *see also Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court."). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962) and *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993)). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay,

00001

repeated failure to cure deficiency by amendments previously allowed or futility of amendment."

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981)

(citing *Foman*, 371 U.S. at 182). Given the liberal standard under Rule 15(a), "the burden is on the

party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor*

*v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Here, allowing Plaintiffs to file the Amended Complaint would serve justice and promote judicial

efficiency. As detailed above, the Amended Complaint seeks to make more specific allegations

related to each Defendants that, were significantly involved in planning and perpetrating the

allegations made by Plaintiffs. The Amended Complaint also seeks to add two new counts based

on conduct and practices that the original Defendants working in concert to take out, take

costumers and ruin Plaintiffs business. There is no undue delay, bad faith, or dilatory motive by

Plaintiffs. Plaintiffs seek to file the Amended Complaint and it is supported by facts and

information uncovered by Plaintiffs. Moreover, there will be no substantial or undue prejudice to

the original Defendants. The issue of prejudice requires a court to focus on the hardship to the

defendants if the amendment were permitted; specifically, the court has to consider "whether

allowing an amendment would result in additional discovery, cost, and preparation to defend

against new facts or new theories." *Cureton*, 252 F.3d 267, 272 (3d Cir. 2001) (affirming the

district court's denial of a motion to amend, made after summary judgment was directed in favor

of the non-moving party, in part because "the proposed amendment would essentially force the

[non-moving party] to begin litigating the case again"); *cf. Cardone Indus., Inc. v. Honeywell Int'l,*

*Inc.*, Civil Action No. 13-4484, 2014 U.S. Dist. LEXIS 94259, at *14-15 (E.D. Pa. July 11, 2014)

(finding that no undue prejudice exists where the factual basis for the amendments were known to

the non- moving party and discovery had not yet concluded). Here, Plaintiffs seek to amend the pleading to add specific facts and allegations and to include the Civil Conspiracy Count.

Finally, there will be no futility resulting from Plaintiffs' Amended Complaint. In the context of a motion to amend, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court may refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. *See, e.g., Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937 (1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a [Rule 12(b)(6)] motion to dismiss."). Here, the Amended Complaint states viable claims against all Defendants pursuant to this legal standard i.e. such that the claims are not subject to a Motion to Dismiss.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully ask that the Court grant leave to file the attached Amended Complaint.

Respectfully Submitted,

Mark T. Sophocles, Esquire