IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, *et ano.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>WILLIAM RUZICH, *et al.*,<br><br>   Defendants. | Civil Action No. 2:24-cv-01222-WB |

**DECLARATION OF MARCELLE DEVINE IN SUPPORT OF MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 1746, I, Marcelle Devine, being duly sworn, deposes and states as follows:

1. I make this Declaration in Support of the Motion to Dismiss filed by "Spyscape Entertainment" seeking dismissal of Plaintiffs Everett Stern and Tactical Rabbit, LLC's (together, "**Plaintiffs**") Amended Complaint, filed in the above-referenced case (ECF No. 15, the "**Amended Complaint**").

2. I am the Director of Finance for SSHQNY LP d/b/a Spyscape ("**Spyscape**"), a limited partnership organized under the laws of Delaware that operates exclusively in New York, New York. I am over the eighteen and competent to make this Declaration. This Declaration is based on my personal knowledge, and I am able to testify if the Court so wishes.

**Spyscape Conducts its Business in and Operates Exclusively from New York**

3. Spyscape operates a publicly accessible spy-themed museum, plus two immersive experiences (SPY HQ and SPYGAMES) in New York, New York. As part of the SPY HQ experience in New York, Spyscape provides visitors with access to a personalized "psychological profile."

4. Spyscape's business and operations are conducted from that same location in New York City. The Spyscape brand and related intellectual property is owned by a separate, United Kingdom-based entity named Spyscape Ltd. Contrary to the assertion in the Amended Complaint, Spyscape does not have a subsidiary named "SPYEX," nor is there any entity known as "Spyscape Entertainment."

5. Spyscape operates from New York a website having the domain name "spyex.com," which is accessible to any domestic or international web user. Through this website, Spyscape occasionally receives inbound requests from businesses seeking former intelligence professionals for speaking, training, or consulting engagements. Requests are received, processed, and responded to from Spyscape's New York location.

6. Likewise, Spyscape's website permits users to purchase spy-related books, games and accessories. These sales are also received in and processed at Spyscape's New York location, and logistical directives for purchased products are directed by Spyscape from New York to vendors located in New York and states other than Pennsylvania.

7. Spyscape also publishes weekly podcasts and newsletters to subscribers.

**Spyscape Has No Connection to Pennsylvania**

8. Spyscape's museum and corporate office in New York City is its sole presence in the United States. It has no physical location or presence anywhere else in the United States.

9. Specifically, Spyscape does not maintain an office in Pennsylvania.

10. It does not have any employees in Pennsylvania. It maintains no bank accounts in Pennsylvania. It holds no property in Pennsylvania.

11. Nor does it maintain any other asset in Pennsylvania.

**Spyscape's Limited Professional Dealings with Plaintiff**

12. I am aware of Mr. Everett, who I understand is the Plaintiff in this case. In 2021, he was a guest on an episode of our "True Spies" podcast. The podcast was conducted remotely and produced by the third-party interviewers and technicians in the United Kingdom.

13. Spyscape's website www.spyex.com lists profiles of dozens of individuals (many of whom are former intelligence officers) who may be available for speaking, training, or consulting engagements. Consistent with Mr. Everett's podcast appearance, his profile was depicted from April 10, 2021 to March 20, 2023. To the best of my knowledge, no one ever requested his services, either through our website or any other means connected to Spyscape.

14. Beyond the single podcast appearance and spyex.com speaker profile, I am unaware of any connection, business dealings or transaction of any kind between Spyscape and Plaintiffs.

**Plaintiff's Improper Service of Process**

15. I am informed that on or about July 3, 2024, Plaintiffs filed an affidavit of service stating that they purported to effectuate service of process on Spyscape by serving "Hana Inkaei" with the "Summons" at Spyscape's museum in New York, along with what I understand is the original Complaint.

16. I presume this name refers to a Spyscape employee named Hannah Inkabi, who works at the front desk of the museum.

17. Ms. Inkabi is not an officer or director of Spyscape, nor otherwise authorized to accept service of legal documents on behalf of Spyscape.

18. In fact, I am the only person authorized to accept service on behalf of Spyscape. I have never been presented with any documents, including the Amended Complaint, by any person purporting to act on behalf of Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2024
New York, New York

                                                                              Marcelle Devine