IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, *et ano.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>WILLIAM RUZICH, *et al.*,<br><br>    Defendants. | Civil Action No. 2:24-cv-01222-WB |

**DEFENDANT SPYSCAPE ENTERTAINMENT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

Dated:  October 7, 2024
          Philadelphia, Pennsylvania

HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone: (215) 252-9600

*Attorneys for Defendant Spyscape
Entertainment*

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................................. 1
II. ARGUMENT ............................................................................................................................ 3
    A. The Court Does Not Have Specific Personal Jurisdiction Over Spyscape ............... 3
    B. Plaintiffs Have Not Stated Any Valid Claims Against Spyscape ............................. 6
    C. Plaintiffs Did Not Effectuate Service of Process on Spyscape ................................. 8
    D. Any Further Amendment to the Complaint Would be Futile .................................. 8
III. CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                      **Page(s)**

*Berger v. Hahnemann Univ. Hosp.*,
   Civil Action No. 17-2295, 2017 WL 5570340 (E.D. Pa. Nov. 17, 2017) ................................10

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................................4, 5

*Celestial Cmty. Dev. Corp. v. City of Phila.*,
   901 F. Supp. 2d 566 (E.D. Pa. 2012) .......................................................................................6

*E. Coast Transp. & Logistics, LLC v. Alfamodess Logistics, LLC*,
   No. 07-4568 (RBK), 2008 WL 11509664 (D.N.J. June 9, 2008)..............................................6

*Greco v. SubGallagher Inv. Tr.*,
   Civil Action No. 19-2922, 2020 WL 4371841 (E.D. Pa. July 29, 2020)..................................4

*Hanson v. Denckla*,
   357 U.S. 235 (1958).................................................................................................................4

*Hepp v. Facebook, Inc.*,
   14 F. 4th 204 (3d Cir. 2021) ....................................................................................................5

*Hollister v. U.S. Postal Serv.*,
   142 Fed. App'x 576 (3d Cir. 2005).......................................................................................2, 6

*Louis A. Grant, Inc. v. Hurricane Equip., Inc.*,
   No. 2:07-cv-438, 2008 WL 892152 (W.D. Pa. Apr. 2, 2008) ..................................................6

*Lutz v. Rakuten, Inc.*,
   376 F. Supp. 3d 455 (E.D. Pa. 2019) .......................................................................................5

*McMahon v. Chipotle Mexican Grill, Inc.*,
   --- F. Supp. 3d ---, 2024 WL 1932319 (W.D. Pa. May 1, 2024) ..............................................7

*U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*,
   769 F.3d 837 (3d Cir. 2014).....................................................................................................9

*Simon v. First Liberty Ins. Corp.*,
   225 F. Supp. 3d 319 (E.D. Pa. 2016) .......................................................................................9

*Skold v. Galderma Lab'ys*,
   99 F. Supp. 3d 585 (E.D. Pa. 2015) .........................................................................................6

*Travelers Indem. Co. v. Dammann & Co.*,
   594 F.3d 238 (3d Cir. 2010).....................................................................................................9

*United States v. Dunkel*,
  927 F.2d 955 (7th Cir. 1991) ...................................................................................................1

*VanLoan v. Nation of Islam*,
  Civil Action No. 20-6112, 2021 WL 3630481 (E.D. Pa. Aug. 16, 2021) ...............................10

*Walden v. Fiore*,
  571 U.S. 277, 290 n. 9 (2014) ..................................................................................................2

*Weinberg v. Legion Athletics, Inc.*,
  683 F. Supp. 3d 438 (E.D. Pa. 2023) .......................................................................................7

*Winans v. Cox Automotive, Inc.*,
  669 F. Supp. 3d 394 (E.D. Pa. 2023) .......................................................................................9

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)...........................................................................................................2, 4, 6

Fed. R. Civ. P. 12(b)(5)...........................................................................................................3, 8, 9

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2, 8, 9

iii

I.    **PRELIMINARY STATEMENT**

Plaintiffs' Opposition (ECF No. 33-1) to Spyscape's Motion to Dismiss (ECF No. 24-3) (the "**Motion**") does not alter the reality that the Amended Complaint (ECF No. 15) – which names Spyscape in only 5 of 150 paragraphs -- is an improper shotgun pleading that should be dismissed with prejudice. Instead, like the Amended Complaint, the Opposition is replete with generalized, repetitive and unsupported assertions about facts and events completely irrelevant to Spyscape (*e.g.*, allegations about the "Contracting Defendants") that in fact blame other Defendants.[1]

First, the Opposition lacks any specific allegations that would warrant the exercise of personal jurisdiction over Spyscape in Pennsylvania. At the outset, Plaintiffs appear to concede that Spyscape is <u>not</u> subject to general personal jurisdiction. Opposition at p. 9 ("Consequently, it is clear that Spyscape is not subject to general personal jurisdiction in this Court.").

Second, the Opposition is bereft of allegations that would warrant the exercise of specific personal jurisdiction over Spyscape. Instead, the Opposition mirrors the deficient Amended Complaint by reiterating vague and boilerplate allegations about a supposedly "mutually beneficial prospective partnership" between Plaintiffs and Spyscape. Even if such a "partnership" for a "co-marketing event" existed (it did not) and it benefitted Spyscape (it did not), it is unmoored from Plaintiffs' claims that appear to concern breach of contract, conspiracy, hacking, and unfair competition allegations against <u>other</u> Defendants. Simply put, the Opposition merely confirms only <u>Plaintiffs'</u> connections to Pennsylvania. Time and time again, the Supreme Court has rejected this theory of personal jurisdiction over a non-resident defendant such as Spyscape. *See Walden v. Fiore*, 571 U.S. 277, 290 n. 9 (2014). Dismissal under Fed. R. Civ. 12(b)(2) is necessary.

---

[1]    The Opposition does not appear to cite any new authorities other than those cited in the Motion, with sections of Spyscape's Motion being lifted verbatim and inserted into the Opposition.

1

Third, the Opposition does not rebut Spyscape's request for dismissal of the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As a threshold issue, Plaintiffs do not even address Spyscape's request to dismiss Counts IV and X (Common Law and Statutory Unfair Competition), Count V (Trespass to Chattels), Count VI (Unjust Enrichment), and Count VII (Negligence).[2] Any opposition to dismissal of these Counts is waived and should be granted as uncontested. *See Hollister v. U.S. Postal Serv.*, 142 Fed. App'x 576, 577 (3d Cir. 2005).

The Opposition fares no better on the Counts that it attempts to discuss (Counts II-III, VIII and IX). In large part, Plaintiffs simply recite the allegations they pled in the Amended Complaint. But they do not provide any accompanying explanation showing <u>how</u> these allegations state cognizable claims. Instead, the Opposition refers to generalized, group pleading allegations from the Amended Complaint as well as allegations found nowhere in the Amended Complaint, including: (i) Spyscape's supposed "access" and "misuse" of Plaintiffs' "confidential information" that had "independent pecuniary value"; (ii) Spyscape's "strong commercial presence" in Pennsylvania; (iii) alleged "clients" supposedly "stolen" by Spyscape; (iv) alleged damages due to Plaintiffs' "subcontractors"; and (v) a threadbare argument that a "special relationship" existed between the parties. Opposition at pp. 22-24. There are no specifics provided whatsoever in the Amended Complaint, with substantially all of the allegations referenced in the Opposition clearly directed at the "Contracting Defendants," a group to which Plaintiffs admit Spyscape does not belong. As such, the vague allegations directed at Spyscape do not provide a basis for relief, and any amendment to the complaint to address these deficiencies would be futile.

---

[2]   Plaintiffs do not address that Pennsylvania law does not recognize a claim for "intentional interference with prospective economic advantage," a part of Count II. Motion at p. 15.

Fourth, the Opposition furnishes no evidence for the assertion that it even attempted to serve Spyscape with the Amended Complaint, much less serve upon an authorized person. Dismissal under Fed. R. Civ. P. 12(b)(5) is therefore appropriate.

Finally, the Opposition appears to request leave to file another amendment to the Complaint. *Id.* at p. 23. That request should be denied because any further amendment to the manifestly deficient Amended Complaint that is bereft of a plausible basis for relief would be futile and would prejudice Spyscape.

## II.   ARGUMENT

### A.   The Court Does Not Have Specific Personal Jurisdiction Over Spyscape

In the Opposition, Plaintiffs incorrectly claim that this Court has specific personal jurisdiction over Spyscape. *Id.* at pp. 2, 9-13.[3] Plaintiffs have failed to submit any affidavits or other evidence to satisfy their burden and cannot otherwise satisfy any of the three-part test applicable to the exercise of specific jurisdiction over a non-resident such as Spyscape.

First, Plaintiffs continue to fail to furnish particularized allegations evidencing Spyscape's purposeful availment of this forum, such that Spyscape could be said to have minimum conducts with Pennsylvania. Plaintiffs only allude to unspecified "malfeasant misconduct" of Spyscape "in furtherance of their business collaboration with Plaintiffs." *See* Opposition at p. 11. Furthermore, the Opposition reiterates, without any explanation, that Spyscape "directly targeted" Plaintiffs in Pennsylvania and, in so doing, "proximately ruin[ed] their business." *Id.*[4] These vague and

---

[3]   As noted above, Plaintiffs concede that the Court lacks general personal jurisdiction over Spyscape, a company principally operated out of the United Kingdom, which is incorporated in Delaware and that maintains a sole place of business in the United States in New York. *See* Opposition at p. 9.

[4]   Plaintiffs allude to Stern's single podcast appearance as supposed evidence of Spyscape's connection to Pennsylvania. *See* Opposition at p. 11. However, in the same breath, Plaintiffs conceded that the podcast was conducted by interviewers in the United Kingdom.

3

unsupported allegations do not illustrate that Spyscape, a Delaware-incorporated company which operates in this country exclusively in New York, "took some act by which it purposefully avails itself of the privilege of conducting activities within [Pennsylvania]" required for the Court to exercise personal jurisdiction over Spyscape. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).[5]

Tellingly, the best Plaintiffs can muster is a recitation of their connection to Pennsylvania. *See id.* at p. 11 (citing Amended Complaint that "Plaintiffs operated these businesses in Philadelphia, Pennsylvania at all salient and relevant times"). However, for purposes of a specific personal jurisdiction analysis, the "plaintiff's contacts are not relevant. Only the defendant's contacts are." *Greco v. SubGallagher Inv. Tr.*, Civil Action No. 19-2922, 2020 WL 4371841, at *6 (E.D. Pa. July 29, 2020); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). As Plaintiffs are the only link to Pennsylvania, no personal jurisdiction may be exercised over Spyscape, and dismissal under Fed. R. Civ. P. 12(b)(2) should be granted.

Second, Plaintiffs fail to draw a connection between Spyscape and their claims. The Opposition accuses Spyscape of "improperly taking the Plaintiffs['] information, businesses, and resources" and thereby damaging Plaintiffs' "relationships between existing and/or prospective clients." However, the Opposition does not contain any specific allegations about how Spyscape accessed and then "took" the information. It does not identify Plaintiffs' supposed clients, much

---

[5] Plaintiffs seem to argue that the Court should consider the totality of the allegations in the Amended Complaint when determining personal jurisdiction over Spyscape. *See* Opposition at p. 11. In so doing, Plaintiff is effectively asking the Court to impermissibly lump all Defendants together when considering jurisdiction over Spyscape, no matter the obvious differences between Spyscape and the other Defendants, *i.e.*, that Spyscape isn't named as a "Contracting Defendant."

4

less explain how Spyscape's conduct impaired these client relationships.[6] Nor could it, as none of these events occurred. In sum, Plaintiffs cannot show <u>any connection</u> between Spyscape's conduct and Plaintiffs' injuries, let alone the "strong connection" required to satisfy this factor. *See Hepp v. Facebook, Inc.*, 14 F. 4th 204, 208 (3d Cir. 2021).

Third, Plaintiffs fail to credibly show that jurisdiction over Spyscape would not be unfair or unjust. *See Burger King*, 471 U.S. at 476. Plaintiffs offer no specific allegation tying Spyscape to Pennsylvania, save for Plaintiffs' alleged presence, such that this forum would have an interest in adjudicating the dispute. *See id.* at 477.[7] Couple this with the burden on Spyscape – a Delaware company that operates exclusively outside of Pennsylvania – to litigate in this unfamiliar forum, and it is clear that the exercise of personal jurisdiction over Spyscape would be unfair and unjust.[8]

For these reasons, the Court lacks personal jurisdiction over Spyscape, necessitating dismissal under Fed. R. Civ. 12(b)(2).

---

[6] Plaintiffs claim that Spyscape's website is "specifically targeted at Pennsylvania residents." Opposition at p. 13. Not so. As explained in the sworn declaration of Marcelle Devine, Spyscape's Director of Finance (the "**Devine Decl.**"; ECF No. 24-3 at p. 2), submitted in support of the Motion, Spyscape's website is "accessible to any domestic or international web user." *See Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 470 (E.D. Pa. 2019) (personal jurisdiction is lacking over website operator absent evidence that the website "specifically target[s] Pennsylvania citizens or derive[s] substantial revenue from Pennsylvania citizens").

[7] Furthermore, Plaintiffs' claim that it interacted with Spyscape "only" in Pennsylvania (Opposition at p. 14) is factually incorrect, given that, *inter alia*, Spyscape operates from New York and the United Kingdom, where the podcast in question was hosted and recorded.

[8] Plaintiffs appear to argue that the exercise of jurisdiction in Pennsylvania is suitable because of its geographical proximity to New York. *See* Opposition at p. 14. Any closeness between these fora are largely irrelevant to the personal jurisdiction considerations, as the "issue is not one of convenience." *See, e.g., E. Coast Transp. & Logistics, LLC v. Alfamodess Logistics, LLC*, No. 07-4568 (RBK), 2008 WL 11509664, at *2 (D.N.J. June 9, 2008) (rejecting geographical proximity theory of personal jurisdiction between Pennsylvania defendants and a New Jersey plaintiff); *Louis A. Grant, Inc. v. Hurricane Equip., Inc.*, No. 2:07-cv-438, 2008 WL 892152, at *6 (W.D. Pa. Apr. 2, 2008) (alleged geographical proximity between West Virginia and Pennsylvania disregarded when determining personal jurisdiction).

B.      **Plaintiffs Have Not Stated Any Valid Claims Against Spyscape**

As noted above, Plaintiffs did not oppose Spyscape's efforts to dismiss Counts IV and X (common law and statutory unfair competition), Count V (Trespass to Chattels), Count VI (Unjust Enrichment), and Count VII (Negligence).[9]  Consequently, the Motion should be granted as uncontested to these Counts.  *See, e.g., Hollister v. U.S. Postal Serv.*, 142 Fed. App'x at 577; *Skold v. Galderma Lab'ys*, 99 F. Supp. 3d 585, 598 (E.D. Pa. 2015) ("Where an issue of fact or law is raised in an opening brief but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue.") (citation omitted); *Celestial Cmty. Dev. Corp. v. City of Phila.*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested.").

With respect to the remaining Counts, Plaintiffs attempt to rebut Spyscape's showing, but they fall far short of the *Iqbal* and *Twombly* pleading standards.[10]  First, Plaintiffs now claim – for the first time – that the parties had a "quasi- contract" to "work together collaboratively," which supposedly provides a basis for liability under the Counts alleging Intentional and Negligent Interference with Prospective Economic Advantage and Tortious Interference of Contract Rights (Counts II and III).  *See* Opposition at p. 17.

However, as a threshold issue, under Pennsylvania law, quasi-contract is a "species of an unjust enrichment claim[.]"  *Weinberg v. Legion Athletics, Inc.*, 683 F. Supp. 3d 438, 451 (E.D. Pa. 2023).  Plaintiffs failed to oppose the Motion's request to dismiss the unjust enrichment claim

---

[9]     On the bases explained in the Motion, these Counts are also substantively meritless.

[10]    This section of the Opposition spans ten pages because it repeats the exact same arguments verbatim four times.

6

(Count VI), so any reference to a "quasi-contract," solely a component of the now-waived unjust enrichment claim, is not properly before the Court.

Moreover, Counts II and III fail on the merits, even if an objection based in "quasi-contract" could be raised. "Quasi-contract theories usually involve circumstances where the plaintiff seeks to recover from defendant for a benefit conferred under an unconsummated or void contract." *McMahon v. Chipotle Mexican Grill, Inc.*, --- F. Supp. 3d ---, 2024 WL 1932319, at *10 (W.D. Pa. May 1, 2024) (citation and internal quotations omitted). Here, Plaintiffs do not maintain any connection with Plaintiffs beyond a single podcast appearance and Stern's brief speaker profile on spyex.com, much less an "unconsummated or void contract." *See* Devine Decl. ¶ 14.

Moreover, the Opposition, like the Amended Complaint, fails to plausibly allege even the most rudimentary facts that could put Spyscape on notice of the allegations levied against it. Plaintiffs still do not provide any particularized insight into Spyscape's supposed "interference" with their unnamed clients, aside from a stray reference to Tactical Rabbit's unidentified "stable of intelligence professionals." Opposition at p. 17. Plaintiffs still do not provide any specific allegations as to how Spyscape had "unauthorized access" to Plaintiffs "intelligence data and materials," nor any explanation of Spyscape's incentive to take such actions. *Id.* Finally, Plaintiffs only offer a boilerplate, undifferentiated allegation that the parties maintained a "special relationship." Counts II and III should be dismissed. *Id.*

Similarly, Plaintiffs still do not state a claim for civil conspiracy (Count VIII) because they do not allege any specific facts that correspond to any elements of this claim. The Opposition even admits that the supposed evidence of the conspiracy is set out in a "single group pleading allegation." *Id.* at p. 24. Plaintiffs likewise do not state a claim for aiding and abetting fraud

7

(Count IX) because all they muster is an unspecified effort by Spyscape to "lure" them into a business relationship "under the false guise of joint collaboration to misuse proprietary data." Opposition at p. 25. Nowhere do Plaintiffs explain in any detail the supposed scheme, their belief in a collaboration with Spyscape, nor the type of "proprietary data" supposedly at issue.

For these reasons, all Counts should be dismissed under Fed. R. Civ. P. 12(b)(6).

### C.    Plaintiffs Did Not Effectuate Service of Process on Spyscape

Plaintiffs claim that dismissal under Fed. R. Civ. P. 12(b)(5) for failure to serve process is unwarranted because the "Moving Defendants were properly served with the Complaint and Amended Complaint." Opposition at p. 25. Plaintiffs are wrong. First, whether Spyscape was properly served with the Complaint is immaterial, given that it is not the operative pleading. Second, Plaintiffs did not properly serve Spyscape with the Amended Complaint. Plaintiffs' own affidavit of service (ECF No. 18) is dated July 1 – two days prior to the Court granting Plaintiffs' leave to file the Amended Complaint, prior to the time when any attorney appeared in this case on behalf of Spyscape. Plaintiffs also have not served any documents on an authorized person of Spyscape, in violation of state and federal law. *See* Devine Decl. ¶¶ 15-18.[11]

For these reasons, Fed. R. Civ. P. 12(b)(5) mandates dismissal of the Amended Complaint.

### D.    Any Further Amendment to the Complaint Would be Futile

In a single sentence, Plaintiffs request that the Court, in the event of dismissal of the Amended Complaint, grant them leave to file a third pleading iteration. Opposition at p. 26.

The request should be denied because any further amendment would be futile and would prejudice Spyscape. While leave to amend is freely granted, courts "may deny requests to amend

---

[11]    The cases cited by Plaintiff stand only for the uncontroverted proposition that proper service is necessary for a court to take jurisdiction. *See* Opposition at p. 25.

a complaint when amendment would be futile." *Simon v. First Liberty Ins. Corp.*, 225 F. Supp. 3d 319, 328 (E.D. Pa. 2016) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). Thus, the "district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). *See Winans v. Cox Automotive, Inc.*, 669 F. Supp. 3d 394, 404 (E.D. Pa. 2023). A request to amend the complaint can also be rejected if the amendment would prejudice the other party. *See U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.¸* 769 F.3d 837, 849 (3d Cir. 2014).

For the reasons set forth above, the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it is devoid of specific facts necessary to establish plausible claims (certain of which have been waived or do not exist under Pennsylvania law) against Spyscape for the relief Plaintiffs seek. No further amendment would cure these manifest deficiencies, rendering another amendment both futile and prejudicial to Spyscape, which has already expended significant time and resources to defend against the Plaintiffs' frivolous claims in an improper forum. *Berger v. Hahnemann Univ. Hosp.*, Civil Action No. 17-2295, 2017 WL 5570340, at *4 (E.D. Pa. Nov. 17, 2017) ("Given the clear state of the law in Pennsylvania, any amendment of the Complaint … would be futile."); *VanLoan v. Nation of Islam*, Civil Action No. 20-6112, 2021 WL 3630481, at *3 (E.D. Pa. Aug. 16, 2021) ("Because Plaintiff's claims are premised solely on a fantastical conspiracy theory, any further amendment to the Complaint would be futile.").

Plaintiffs request to again amend their Complaint should be denied.

## III. CONCLUSION

For these reasons and those set forth in the Motion, Defendant Spyscape Entertainment respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety and with prejudice.

Dated: October 7, 2024
      Philadelphia, Pennsylvania

HOLLAND & KNIGHT LLP

/s/ Benjamin R. Wilson
Benjamin R. Wilson, Esq. (Bar No. 327118)
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone: (215) 252-9600
Email: benjamin.wilson@hklaw.com

Richard A. Bixter Jr.
*pro hac vice admitted*
150 North Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Phone: (312) 422-9032
Email: richard.bixter@hklaw.com

*Attorneys for Defendant Spyscape Entertainment*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and served upon all parties registered for the CM/ECF system in this case.

Dated: October 7, 2024
       Philadelphia, Pennsylvania

                                       /s/ Benjamin R. Wilson

#510554018_v3