IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RE: Civil Action No. 2:24-cv-01222-WB

**MOTION TO FILE COUNTERCLAIM FOR HARASSMENT, DOXXING, DEFAMATION,**

**AND RELATED DAMAGES**

**LINDSAY MORAN,**
Plaintiff,

vs.
**EVERETT STERN**

243 Falcon Ridge Road

Saint Augustine, FL 80202 and,

**TACTICAL RABBIT, INC.**

2929 Arch St, Ste 1700

Philadelphia, PA, 19104

Defendants

Case No.: Case 2:24-cv-01222-WB

10 October 2024

**MOTION TO FILE COUNTERCLAIM CHARGES FOR HARASSMENT, DOXXING,
DEFAMATION, AND RELATED DAMAGES**

**COMES NOW** the Plaintiff, Lindsay Moran, respectfully moves this Honorable Court to grant permission to proceed with the civil lawsuit against Defendants, Everett Stern and Tactical Rabbit, for Harassment, Doxxing, Defamation, and for all damages resulting therefrom, including but not limited to, severe emotional distress, mental health impacts, harm to Plaintiff's

public and professional reputation, and financial losses. In support of this Motion, Plaintiff states as follows:

**PARTIES**

1. Plaintiff, Lindsay Moran, has been personally and professionally harmed as a result of Defendants' actions.
2. Defendants, Everett Stern and Tactical Rabbit of 2929 Arch St, Ste 1700 Philadelphia, PA, 19104, have engaged in a sustained and malicious campaign of harassment, doxxing, and defamation against Plaintiff, [in violation of Pennsylvania law (18 Pa. C.S. § 2709)](#).

**FACTUAL BACKGROUND**

3. **Starting on or about September 2022, Defendants began a series of harassing actions against Plaintiff, including but not limited to:**

a)  sending direct messages to Plaintiff via Twitter/X **(see Exhibits A below)**, which included outlandish, unsubstantiated, and utterly false claims against Plaintiff. As the evidence will show, when Plaintiff asked Defendant to cease and desist from such claims and from contacting her, and that any future messages would be considered harassment, Defendants continued to harass her via DM and phone calls.

b) in both DMs and phone calls, Defendants made the false and threatening claim to Plaintiff that she was the subject of an investigation to be conducted by federal law enforcement, instigated by Defendants and by a retired senior level CIA Officer.

Defendants told Plaintiff that she would be "going to jail" for charges related to national security. Ultimately, Plaintiff – recognizing that these were baseless and delusional accusations, but nonetheless distressed by the ongoing harassment – reached out herself via email to the senior level CIA officer, sent him copies of the threatening DMs that had been sent to her by Defendants, and informed him of Defendants' claims that the CIA officer was initiating federal investigations against Plaintiff. The CIA officer confirmed - **see Exhibit B below** - that these claims were entirely false.

c) in addition to the **DMs in Exhibit A**, Defendants also called Plaintiff's mobile phone several times, starting in September 2022 and persisting for several months, and repeated these false claims and threats over the phone, notwithstanding Plaintiff's request that Defendants leave her alone.

It should be noted, as evidenced in Exhibit A that Plaintiff - out of kindness surely not due to Defendants - strongly urged Defendants to seek psychological evaluation or help, since Defendants' claims were so delusional and unhinged.

Also, of note, in Criminal Docket regarding case CP-15-CR-0002123-2022, [Defendant pleaded guilty to disorderly conduct and was sentenced to restitution of $260, an apology letter, community service, **and a mental health evaluation** in Commonwealth of Pennsylvania v. Everett Stern], who operates the "private intelligence agency" known as Tactical Rabbit, at the Court of Common Pleas of Chester County, Pennsylvania.

It is telling that Defendants, in the aforementioned case, were ultimately ORDERED by the court to see a mental health evaluation in previous litigation, a case in which Defendants had accosted two women in a Taco Bell parking lot in Pennsylvania, and acting as if he were law enforcement, admonished them for smoking marijuana. To Plaintiff's knowledge, in this case, Defendants went so far as to use a fake flashing light to give the women the impression that he was a police officer. It goes without saying that such behavior suggests Defendant has a dangerous and delusional history of harassing women.

4. **In addition to harassing Plaintiff via direct message and phone calls, Defendant unlawfully exposed Plaintiff's private information ("doxxing") by publicly sharing Plaintiff's full name, DOB, home address, AND social security number via X to 69.2K, followers.** Plaintiff's social security number was available to the public for several days, before Plaintiff was made aware of the Tweet and able to petition the court to have that information - included unredacted in Defendant's original lawsuit against Plaintiff and others - sealed/restricted. (This is the subject of previous motions and complaints with regard to this case.) (See **Exhibit C** below. Note: Plaintiff has redacted her own social security number in the screenshot in Exhibit C, but the original screenshot has already been submitted to the court.)

   In addition to the extreme anxiety and detriment to her mental health that Defendant was already causing Plaintiff with his ongoing harassment via phone and DM, this public exposure of Plaintiff's personal identifying information exacerbated Plaintiff's stress exponentially. Plaintiff was the victim of identity theft in 2022, costing her tens of thousands of dollars.

5. **Defendant also made false and defamatory statements about Plaintiff, including accusing Plaintiff of operating a criminal enterprise; the claims were publicly disseminated through X, again to 69.2 K followers**. He also made the false claim that Plaintiff's consulting business was "not in good standing" and disseminated that false allegation via X. **(See Exhibit D.)**

6. **The false statements made by Defendant were intended to, and did, injure Plaintiff's reputation and standing in both personal and professional circles.** Of note, and as evidenced in **Exhibit D**, Defendants deliberately tagged Spyscape, an entity by which Plaintiff occasionally derives speaking and other professional engagement, and accused Plaintiff of being a criminal, a false, unsubstantiated, and flagrantly defamatory statement.

7. **As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe anxiety, significant impact on mental health, a damaged reputation, and loss of wages due to diminished professional opportunities, as well as at least 80 hours of personal time off that Plaintiff has had to take from her job in order to combat Defendant's ongoing harassment.**

While it is impossible to determine the extent of damage to ~~Plaintiff~~ Defendants'’s defamatory posts regarding Plaintiff, there is at least one instance of a potential client ultimately not engaging Plaintiff in a contract of $120,000. Of note, Plaintiff is a former CIA officer who is often engaged for speaking engagements; since Defendants' public defamation and false claims about Plaintiff, she has not been professionally engaged.

**Also of note, Defendants have a long history of defamation, and subsequent involvement with the courts, such as:**

   a) [Michael Flynn v. Everett Stern: Complaint ('Fake HSBC Whistleblower')](#)

Complaint alleging defamation against "a fabulist grifter who poses as an intelligence operative – calling himself the "Intelligence Director" of his own "private CIA," despite having no military, intelligence, or law enforcement experience – who spreads lies on the internet about prominent companies and public figures to drive up his social media engagement and generate income for his company" in Michael T. Flynn v. Everett Stern at the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida, USA.

   b) [Oleg Firer v. Everett Stern et al: TRO Order ('Defamation')](#)

Order granting Plaintiff's Motion for a Temporary Injunction, with the judge finding that the defendants have "undertaken a systematic campaign of posting false and highly defamatory statements regarding Firer being a Russian spy" and engaged in an "internet onslaught against Firer" that "has caused real professional and personal damage" in Oleg Firer, described in the complaint as a Ukraine-born citizen of the USA and Grenada, a resident of the USA and Russia, and "Grenada's Ambassador Extraordinary and Plenipotentiary to the Russian Federation" v. Everett Stern and Tactical Rabbit Inc., which "describes itself as a private intelligence agency", at the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

    c) [Oleg Firer v. Everett Stern et al: TRO Motion ('Defamation')](#)

Motion for a Temporary Injunction in Oleg Firer, described as a Ukraine-born citizen of the USA and Grenada, a resident of the USA and Russia, and "Grenada's Ambassador Extraordinary and Plenipotentiary to the Russian Federation" v. Everett Stern and Tactical Rabbit Inc., which "describes itself as a private intelligence agency", at the Circuit Court for the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

**Of further note, Defendants face various allegations of fraud to include:**

    a) [Anthony Beaman v. Tactical Rabbit: Complaint ('$10K Investigations Fraud')](#)

Complaint in which the plaintiff alleged that he paid the defendant $10,000 for investigative services that were never delivered in Anthony Beaman v. Tactical Rabbit, an "investigative services" firm operated by Everett Stern, at the Superior Court of California, County of Alameda.

    b) [Nkiruka Udodi v. Everett Stern et al: Second Amended Complaint ('$8K Investigations Fraud')](#)

Second Amended Complaint in Nkiruka Udodi v. Everett Stern and Tactical Rabbit Inc. at the U.S. District Court for the Eastern District of Pennsylvania.

8. **In 2024, there was mounting evidence that Defendant's harassment would not abate, and that he could pose a direct personal threat to Plaintiff**. See **Exhibit E** for evidence of Defendant sending text messages to other parties in his original spurious lawsuit, threatening that they would "go to jail." Plaintiff has also received several anonymous phone calls, which she suspects to be Defendants' efforts to harass and intimidate her. Also, of note, when Plaintiff filed a motion to dismiss in the original lawsuits, Defendants' counsel telephoned Plaintiff at 7:45 AM, astoundingly bizarre and unprofessional behavior, which Plaintiff interpreted to be a thinly veiled attempt to intimidate her.

**By 2024, Plaintiff began to legitimately fear for her own personal safety, due to defendants harassment, defamation, and doxxing. As such, she invested in a new canine and guard dog training to the amount of $7000. Plaintiff is a single mom who lives alone and Defendants delusional and erratic behavior, as well as ongoing private harassment and public defamation directed at Plaintiff, publicizing of Plaintiff's home address, all have caused incalculable emotional distress to Plaintiff and legitimate fear for her safety.**

As noted above, Defendants have a history of impersonating law enforcement and harassing or seeking to intimidate women (see case CP-15-CR-0002123-2022). Further, Defendant appears to be increasingly desperate and as such, unpredictable and potentially more dangerous. Defendants have now launched what appears to be a desperate [GoFundMe campaign](#), ostensibly to support

themselves and mounting legal fees due to various legitimate claims against Defendants, such as fraud and failure to pay bills, all publicly available and documented.

**LEGAL CLAIMS**

**Count I – Harassment**

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
9. Defendant's actions constitute harassment under Pennsylvania law, specifically 18 Pa. C.S. § 2709, as the conduct involved repeated and intentional actions that caused emotional distress, fear, and discomfort to Plaintiff.

**Count II – Doxxing**

10. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
11. Defendant's actions constitute doxxing, defined as the intentional public dissemination of personal information without consent, exposing Plaintiff to risks of harassment, threats, and reputational harm.

**Count III – Defamation**

12. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
13. Defendant's false statements about Plaintiff were made with malicious intent or reckless disregard for their truth or falsity, resulting in reputational harm, loss of credibility, and diminished professional standing.
14. These defamatory statements caused Plaintiff to lose wages, suffer professional harm, and experience emotional distress.

**DAMAGES**

15. As a direct result of Defendant's wrongful actions, Plaintiff has sustained significant emotional and financial damages, including but not limited to:
- Severe anxiety and mental health issues requiring professional treatment;
- Reputational damage causing loss of business and professional opportunities;
- Loss of wages and income amounting to approximately $120,000;
- Emotional pain, suffering, and psychological harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant on all counts;
2. Award Plaintiff compensatory damages in the amount of $150,000;
3. Award punitive damages in an amount sufficient to deter Defendant from engaging in similar conduct in the future;
4. Award Plaintiff reasonable attorney's fees and court costs;
5. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Lindsay Moran

October 10, 2024

218 Taylor Avenue

Annapolis, MD 21401

linzmoran@gmail.com

202-253-0006

**Exhibit A - direct messages from Defendants to Plaintiff**









**Exhibit B -** Plaintiff has redacted the full name of the retired senior CIA officer whom Defendants claimed was involved with reporting Plaintiff to federal law enforcement, but Plaintiff has previously filed a sealed motion in this case with that information.

Below are Plaintiff's email to the CIA officer, and his response, both from May 2024. Plaintiff is happy to provide the court the originals of these correspondences.

Hi  - I hope this finds you well.

I thought I should warn you that this person, who is clearly mentally unstable, routinely uses your name as bona fides.

He has claimed to me on several occasions that you two are close and that you personally are pursuing "FBI investigations" against myself and others.

I have other messages in addition to the ones below - which refer to you by name - in which Stern makes delusional claims that you personally have instigated FBI investigations against various people.

In any event, feel free to reach out if you have any questions!

18:36   all 5G 76

 Inbox    15 Messages
Everett Stern   

several other individuals - exposing our social security numbers on X. (We are pursuing legal action on this matter.)

He also filed a spurious delusional lawsuit against SpyScape (they wisely dropped him from their expert page), Arizona State University (laughably), myself, three other individuals.

Have attached some screenshots of Stern DMs to me that refer to you by name, and I have several others prepared for our litigation against him for harassment and doxxing.

Again, hope you are otherwise well!

15 Messages
< Inbox    Everett Stern    ∧  ∨

  5/6/24

To: Lindsay Moran >    

Bizarre. I have not engaged with him on any of those things. I haven't done any business with him or ever spoken to the FBI, or anyone else. He seeks me out at events for a picture. I would wish he didn't use them so blatantly to support his credibility. I never say anything more about him than what I know, which is basically nothing.

I will avoid getting pulled into his activities.

I don't follow all this stuff, and don't want to.

**Exhibit C - Plaintiff has redacted her own social security number, which Defendants left unredacted in his original complaint, and then Tweeted to 69.2K followers, per screenshots below - also note Defendants make the false claim that Plaintiff's business is "not in good standing."**



**Lindsay Moran:** Lindsay Moran is a former CIA operative and is the HUMINT Partner for The Aracari Project.

Outside of Aracari, Moran has served as an intelligence commentator on numerous news outlets, such as: BBC, CBS, CNN, MSNBC, NPR, and The Young Turks. Moran is also the Head of Communications for the international NGO, the Environmental Investigation Agency. Additionally, Moran is a consultant on SPYEX, a platform for former intelligence officials to offer their services towards education/training, speaking, and consulting. Moran is also the Director of Communications for the Treatment Advocacy Center, Head of Communications at the Center for Countering Digital Hate, and part of the development team at DeliverFund. Moran also has her own consulting company, Lindsay Moran Consulting, which is classified as "not in good standing."

- DOB: 12/18/1969
- 
- Address: 218 Taylor Ave, Annapolis, MD, 21401
- Phone: 202-253-0006
- Email: linzmoran@gmail.com
- IP: 65.117.214.16
- Spouse: James Kegley

Kveson Utlev:

**The below Tweet by Plaintiffs directed 69.2 followers to a publicly available lawsuit in which Defendants had deliberately included an unredacted social security number of Plaintiff.**



**Everett Stern** ✓
@EverettStern1

Good Morning:@LindsayMoran @spymuseum
William B. Ruzich @DEM_Offshore @ArizonaState @OffshoreAlert
You may want to check Pacer for a massive Federal Lawsuit filed against you. I look forward to seeing you in court. STERN et al v. Ruzich et al (2:24-cv-01222)
Have a great day! -Everett

**Exhibit D - Defamation and false claims on X**





**Exhibit E**



