IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, TACTICAL RABBIT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM RUZICH, LINDSAY MORAN, KYESON UTLEY, ARACARI PROJECT, SPYSCAPE ENTERTAINMENT, <br> Defendants. | CIVIL ACTION <br><br><br> NO. 24-1222 |

## ORDER

**AND NOW**, this 15th day of October, 2024, upon receipt of Defendant Lindsay Moran's Motion to File Counterclaims (ECF No. 36) and Amended Motion to File Counterclaims (ECF No. 37), **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to File Counterclaims (ECF No. 36) is **DENIED WITHOUT PREJUDICE**.[1]

2. Defendant's Amended Motion to File Counterclaims (ECF No. 37) is **DENIED AS MOOT**.

BY THE COURT:

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**

---

[1] Federal Rule of Civil Procedure 7(a) provides that there are only seven categories of pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Thus, "[b]ecause a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim *as part of* a recognized pleading, *i.e.*, an answer" to a complaint. *Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 839063, at *2 (E.D. Pa. Mar. 26, 2009) (emphasis in original). Pursuant to Rule 12(a)(4), a defendant is not required to file an answer until "after receiving notice of the District Court's action" regarding her pending motion to dismiss. *Brown v. Interbay Funding LLC*, 198 Fed. App'x 223, 225 (3d Cir. 2006) (citing Fed. R. Civ. P. 12(a)(4)). Therefore, in the event any of Plaintiff's claims survive Defendant's pending motion to dismiss (ECF No. 31), Defendant may file any counterclaims in an answer to Plaintiff's Complaint in the time prescribed by Rule 12(a)(4).