IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM RUZICH, *et al.*<br><br>Defendants. | Civil Action No. 2:24-cv-01222-WB |

**PLAINTIFFS RESPONSE IN OPPOSITION OF DEFENDANT, LINDSAY MORAN'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**I.   PRELIMINARY STATEMENT**

The Amended Complaint (ECF No. 15) ("**Amended Complaint**") filed by Plaintiffs Everett Stern ("**Stern**") and Tactical Rabbit, LLC (together, "**Plaintiffs**") against Defendant Lindsay Moran "Moran" ("**Moran**") is a proper pleading made with requisite specificity and particularity requirements, the Amended Complaint is valid under Pennsylvania law and sets forth an adequate description of the factual and legal claims by Plaintiffs against Moving Defendant Moran. While the Plaintiffs appreciate that this is a nuanced, unique set of factual allegations directed at Moran et al., and include allegations that confirm the existence and convergence of facts that establish liability claims against Moran along with other Defendants for tortiously interfering with Plaintiffs' "relationship" with Moran and as it relates to Plaintiffs relationships with now lost customers and related financial losses. See Am. Compl. ¶¶ 13-14, 26, 54, 142.

Plaintiffs clearly establish cogent factual averments case against Moran setting forth how Plaintiffs invested heavily in financial, time, and resources in collaborating with Plaintiffs while working together from May of 2022 through the fall of 2023 as an outside contractor subject to executed contractual agreement by and between the Plaintiffs and Moran.

The Declaration of Plaintiff Everett Stern sets forth cogent and salient factual details supporting the allegations in the Amended Complaint regarding the chronological history of the relationship between the Plaintiffs and Movant Moran, the damages inflicted upon Plaintiffs by the malfeasance of Moran et al. in terms of financial losses and the commensurate efforts that Plaintiffs made in earnest to mitigate the damages caused by Moran and her misconduct.

See Declaration of Everett Stern dated October 8, 2024 (hereinafter Ex. A).

The above referenced Declaration clarifies and details the supporting factual averments of Plaintiffs contrary to the Movant's bald claim that "there are no allegations directed at Moran concerning Plaintiffs' claimed conspiracy to derail their business interests or the alleged tortious interference with Plaintiffs' business relationships, nor do Plaintiffs allege that any action taken by Moran occurred in Pennsylvania." The Complaint read completely establishes clear facts supporting how Movant's used these extensive financial and resources expended by Plaintiffs solely to their benefit and to the direct detriment of Plaintiffs who at all reasonable and salient times were in Chester and Philadelphia Counties i.e., within this Federal District.  At all times relevant and salient herein, Plaintiffs seek to apply these facts to the law and to find that Moran knew she was working in this judicial district availing herself to Southeastern Pennsylvania when she openly agreed to accept the benefits of Plaintiffs extensive work and resources at all times present with Plaintiffs who they knew were in Pennsylvania, thus availing the Defendants into this

Court and assert nine claims. The allegations and counts pled against Moran are proper and Moran must be ordered to Answer the Complaint and to participate with discovery.

Contrary to the baseless claims of Moran, the Amended Complaint should not be dismissed for numerous reasons. Plaintiffs respond to these enumerated reasons as follows:

First, Plaintiffs have established personal jurisdiction over Moran who knowingly, routinely and regularly dealt with Stern et al Parties (referenced in the Amended Complaint as if fully incorporated at length herein while the Plaintiffs were working and operating out of Philadelphia and Chester Counties within this Federal District). Plaintiffs acknowledge, that while Moran is not incorporated in Pennsylvania and maintain no physical presence here, she regularly availed herself to this jurisdiction by virtue of the recurrent dealings with the Plaintiffs whom Moran knew were located in Southeastern Pennsylvania within this jurisdiction. It is immaterial for this inquiry to summarily claim no personal jurisdiction solely predicated on the fact that Moran took the benefit financially, and otherwise of the extensive time and resources that Plaintiffs provided to Moran while they collaborated. It is axiomatic that Moran's overall contacts with Pennsylvania were sufficiently substantial, continuous, or systematic so as to subject it to the general jurisdiction of a Pennsylvania court.

Second, Moran, by working for Plaintiffs in Pennsylvania and more specifically in this jurisdiction has availed herself to this Federal District's jurisdiction. Moran incorrectly fails to acknowledge the substantial facts involving the working relationship for and with Plaintiffs, the time and efforts expended by Plaintiffs solely for the benefit of Moran's work and establishing specific jurisdiction that lawfully mandates the imposition of jurisdiction against Moran. Instead, Moran contends that the Court should ignore the specific facts that establish connections between Plaintiffs, their contractors, customers and efforts juxtaposed in the relationship with Moran most

of which occurred in Southeastern Pennsylvania within the District's established jurisdiction. Moran's misconduct in converting and taking customers that were Plaintiffs for her own pecuniary benefit predicated upon false allegations and a denigration campaign by and with Moran relate to, augment, and in fact are contributorily made actions by Moran that support imposing liability against her. The contemporaneously made misconduct of Moran surreptitiously occurred such that co-Defendants and Moran benefitted monetarily from Plaintiffs work, human resources and efforts; denigrating Plaintiffs falsely in order to garner ill-gotten pecuniary gains all at the expense of Plaintiffs, who in good faith, hired and retained Moran for work projects.

Third, Moran acting Pro Se simply reproduced the motion and supporting Memo of Law of co-Defendants Spyscape in an attempt to claim that even if the Court were to exercise personal jurisdiction over Moran, the Amended Complaint still must be dismissed since she alleges that Amended Complaint is devoid of specific, distinct facts necessary to establish plausible claims against Moran for the relief Plaintiffs seek. Plaintiffs disagree and point to the allegations read in their entirety regarding all of the specific allegations read in concert in a light most favorable to the non-moving Party i.e. Plaintiffs. Moran benefitted by using/misusing the assets and contributions of Plaintiffs, made in good faith effort, to work with Moran, read in their entirety, to allow Plaintiffs to assert cogent legal claims against Moran for her abjectly wanton misconduct with and without regard to this conduct in juxtaposition with the conduct of other Defendants. Plaintiffs refer by reference as if fully incorporated at length herein the arguments raised in their Response to the Motion to Dismiss of Defendants Spyscape, Inc. and Memorandum of Law in Support thereof.

To be clear, Moran acted wantonly in usurping the customers of Plaintiffs for her own financial gains while Moran and other Defendants directly benefitted from the extensive financial

and other contributions from Plaintiffs until such time as the relationships were abruptly terminated directly and proximately benefitting the Moran and other co-Defendants while causing millions of dollars of damages to Plaintiffs who lost millions of dollars in lost revenue from Plaintiffs app. ten year old business. The allegations in the Complaint are not boilerplate or simple allegations since this Defendant (Moran) as a sophisticated former CIA operative was well-equipped and versed in denigration technics and Plaintiffs plead specific allegations against Moran, sufficient to assert an actionable claims and allegations directed at Moran providing a lawful and cogent basis for relief. Plaintiffs properly plead the facts and the elements of various causes of action with requisite accompanying plausible facts to support the essential elements of the claims and allegations between the numerous defendants and among these Parties setting forth the somewhat novel allegations against Lindsay Moran who directly benefitted at the sole expense of Plaintiff's who had trusted Moran and were victimized by the wanton disregard Moran had with regard to her duties of good faith and fair dealing with Plaintiffs.

In sum, the allegations in Plaintiffs' Amended Complaint meet the pleading standards established by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009), and the Amended Complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or be dismissed with prejudice.

Finally, Plaintiffs deny the allegation that the dismissal of the Amended Complaint is further warranted under Fed. R. Civ. P. 12(b)(5) because Plaintiffs allegedly failed to properly effectuate service of process on Moran who has been properly served, who have specific information in the Amended Complaint to understand the claims and allegations set forth in the Amended Complaint. Moran in emailing the law clerks of the Honorable Judge assigned this matter have tacitly availed herself to receiving and replying to pleadings electronically.

Additionally, Moran was served at her place of business at 200 North Glebe Road, Suite 801, Arlington, VA 22233.

## II. RELEVANT BACKGROUND

The Declaration of Everett Stern, Plaintiff and principal owner of Tactical Rabbit, LLC supports the Plaintiffs Response in Opposition to the Motion to Dismiss the Amended Complaint of Defendant, Linsay Moran.

The Court should be aware that Defendant Moran, in spite of her repeated pro se communications with this Court, is very savvy and highly intelligent having worked for years as a CIA operative (clandestine). Moran is extremely skilled as a manipulator capable of highly complex denigration campaigns and frankly was able to manipulate me and mu businesses. After discovering the breach of data from Plaintiffs by Moran et al, Stern initially refused to believe that Moran would stoop to the level of betrayal and theft of data/customers given Moran's CV and experience. Only after a period of months did Plaintiffs discover the depth of malfeasance.

After reviewing the missives from Defendant Moran to this Honorable Court; Plaintiffs completed additional extensive forensic investigation into what transpired as part of the allegations and facts in this lawsuit.

The nature of this damage and loss from Defendant Moran's malfeasance is made more clear by the additional evidence unearthed including but not limited to evidence of how and when Moran first contacted Plaintiffs seeking to do work; the proof of Moran's accessing the secured database that Plaintiffs used to house their highly secretive valuable data; the legally confining Agreements that Moran signed obligating her to avail herself to this forum and jurisdictionally to Pennsylvania law, and surreptitiously involving herself with co-Defendants , inter alia, Spyscape, Inc for their collective, respective ill-gotten pecuniary gains.

Plaintiffs were approached by Defendant Lindsay Moran in or about May 11, 2022 per the electronic inquiry that Moran submitted to Plaintiffs' business. This exhibit establishes that Moran approached Plaintiffs (*hereto Exhibit "A" to Declaration of Everett Stern dated October 8, 2024.*)

After recovering lost data breached during the tenure that Moran worked with Plaintiffs who were able to recently discover signed Agreements that Moran made with Plaintiffs (Synapse, LLC on behalf of Tactical Rabbit, LLC).

A true and correct Independent Contractor Agreement E-Signature Details confirming execution on May 12, 2022 (*hereto as Exhibit "B"*). A true and correct copy of the Consulting Agreement confirming executed on June 21, 2022 (*hereto as Exhibit "C"*).

Plaintiff Stern submitted the attached June 25, 2024 report related in salient portions to the context and relationships by and between Moran and Plaintiffs (*hereto as Exhibit "D"*). Moran collaborated with Spyscape, and after Moran assisted Spyscape's removal of Plaintiffs on the Spyscape website and Podcast. Stern confirmed the correlation between Moran and Spyscape, and notified Spyscape who wantonly ignored the pleas from Plaintiffs requesting that they remain on the Spyscape portal. See article from 10/25/2023 Intelligence Online related to Moran and Spyscape (*hereto as Exhibit "E"*).

Respectfully submitted,

Mark T. Sophocles, Esquire
*Attorney for Plaintiffs*