IN THE UNITED STATS DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, and TACTICAL RABBIT, INC<br><br>　　vs.<br><br>WILLIAM RUZICH, and LINDSAY MORAN, and KYESON UTLEY, and DAVID MARCHANT, and KYC NEWS, INC. t/a/d/b/a OFFSHOREALERT, and ARIZONA BOARD OF REGENTS, and ARIZONA STATE UNIVERSITY, and ARACARI PROJECT, and SPYSCAPE ENTERTAINMENT | NO. 2:24-cv-01222 |

**DEFENDANTS ARIZONA BOARD OF REGENTS AND
ARIZONA STATE UNIVERSITY'S (A NON-JURAL ENTITY)
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND F.R.C.P. 12(b)(6) AND
MOTION FOR SANCTIONS AGAINST PLAINTIFFS**

Defendants Arizona Board of Regents (hereinafter "ABOR") and Arizona State University ("ASU") (a non-jural entity), by and through undersigned counsel, respectively submit this Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6). ABOR and ASU also move for sanctions against Plaintiffs.

　　1.　　On March 22, 2024, Plaintiffs filed a Complaint in this matter. (ECF #1). On April 23, 2024, Plaintiffs served ABOR with the Complaint.

　　2.　　Plaintiffs averred in the original Complaint (ECF# 1) that they were in the business of providing "sophisticated privately owned intelligence gathering services." (ECF #1, ¶¶ 11-12). Plaintiffs averred that defendants Moran, Ruzich, Marchant, and Utley worked for Plaintiffs. (ECF #1, ¶ 21). One of the employees was alleged to have been an intern from ASU. Plaintiffs averred

149522746.1

that the employees misrepresented a criminal charge against their employer, plaintiff Everett Stern causing Plaintiffs harm. (ECF #1, ¶ 22).

3. As to ABOR and ASU, Plaintiffs averred that they are both located in the State of Arizona. (ECF #1, ¶¶ 7-8). Plaintiffs averred that they provided an internship to an ASU student and that ABOR and ASU failed to provide an intern that "would act honestly and without selfish disregard for the rights of Plaintiffs." (ECF #1, ¶ 25). Plaintiffs averred that ABOR and ASU failed to screen and train the intern. (ECF #1, ¶ 25).

4. Nowhere in Plaintiffs' original Complaint did they aver that they complied with the Arizona Notice of Claim Statute, Ariz. Rev. Stat. § 12-821.01, before attempting to bring suit.

5. Both ASU and ABOR are arms of the State of Arizona. As arms of the State of Arizona, ASU and ABOR are both subject to Eleventh Amendment immunity that applies to the states. In addition, ASU is a non-jural entity and as such is not subject to suit.

6. On May 14, 2024, ASU and ABOR filed a Motion to Dismiss (ECF# 7).

7. Plaintiffs did not respond to the May 14, 2024 Motion to Dismiss.

8. On July 1, 2024, the Court granted the Motion to Dismiss and dismissed ASU and ABOR without prejudice (ECF#14).

9. On October 31, 2024, Plaintiffs filed an Amended Complaint against ASU and ABOR (ECF# 41).

10. Plaintiffs Amended Complaint asserts that same causes of action and claims against ASU and ABOR as Plaintiffs asserted in their original Complaint.

11. There is no jurisdiction against ASU and ABOR.

12. Under Arizona law, to bring a claim against a public entity or public school the claimant must first comply with the Arizona Notice of Claim Statute,. Among other things, the act requires notice of a claim within 180 days after it accrues.

13. Plaintiffs do not aver that they complied with this provision. Accordingly, their lawsuit is barred and should be dismissed pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6).

14. In addition, 11th Amendment Immunity applies to ASU and ABOR.

15. Despite knowing that there is no jurisdiction and that there was no legally viable claim, Plaintiffs impermissibly, wrongly, and frivolously filed the Amended Complaint against ASU and ABOR.

16. On November 4, 2024, Counsel for ASU and ABOR sent an email to Plaintiffs' Counsel:



17. On November 5, 2024, Plaintiffs' Counsel responded:



149522746.1  3

18. On November 5, 2024, Plaintiffs' Counsel further wrote:



19. On November 7, 2024, Counsel for ASU and ABOR sent the following email:



20. Counsel for ASU and ABOR circulated a stipulation to all parties requesting a voluntary dismissal of ASU and ABOR. Plaintiffs agreed. However, consent from Defendant Moran could not be obtained. Thus, the stipulation could not be submitted.

21. ASU and ABOR request sanctions in the amount of $1,500 pursuant to F.R.C.P. 11(b)(2) for the fees in seeking relief herein, as there is no legal basis for jurisdiction and the Court previously dismissed ASU and ABOR. Plaintiff does not have any reasonable explanation why they filed the Amended Complaint against ASU and ABOR when Plaintiffs knew there was no jurisdiction or legally viable claim and there was a prior Court Order on July 1, 2024 dismissing

ASU and ABOR. On top of this, simple research would have revealed to Plaintiffs that they did not possess a legally viable claim in federal court against ASU and ABOR.

**WHEREFORE**, Defendants Arizona Board of Regents and Arizona State University (a non-jural entity) respectively request that their Motion to Dismiss be granted and that they be dismissed with prejudice. Defendants Arizona Board of Regents and Arizona State University also request sanctions against Plaintiffs in the amount of $1,500 for the fees in having to seek relief herein.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

Date: December 4, 2024

By: *Chester F. Darlington*
Lee J. Janiczek, Esq.
Chester F. Darlington, Esq.
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Lee.Janiczek@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

Attorneys for Defendants
Arizona Board of Regents and
Arizona State University (a non-jural entity)