## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN, *et ano.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>WILLIAM RUZICH, *et al.,*<br><br>    Defendants. | Civil Action No. 2:24-cv-01222-WB |

## MARCHANT DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

Dated: December 6, 2024
       Philadelphia, Pennsylvania

HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone: (215) 252-9600

*Attorneys for Defendants David Marchant
and KYC News, Inc. T/A/D/B/A Offshore Alert*

Plaintiffs' Opposition (ECF No. 49) is electronically linked to the Marchant Defendants' Motion to Dismiss (the "**Motion**"; ECF No. 46-2).  However, the Opposition's unsupported and threadbare arguments are directed at a different defendant.  *See generally* ECF No. 49 at p. 1.  In fact, the Opposition does not use the word "Marchant" or "Offshore" except in the heading.  *Id.*

Consequently, Plaintiffs have not addressed the Marchant Defendants' Motion, which seeks dismissal of the Amended Complaint on jurisdictional grounds under Fed. R. Civ. 12(b)(2) and/or for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Any opposition to the Motion is thus waived and should be granted as uncontested.  *See Hollister v. U.S. Postal Serv.*, 142 Fed. App'x 576, 577 (3d Cir. 2005); *see also Skold v. Galderma Lab'ys*, 99 F. Supp. 3d 585, 598 (E.D. Pa. 2015) ("Where an issue of fact or law is raised in an opening brief but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue."); *Celestial Cmty. Dev. Corp. v. City of Phila.*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested.").

Even if the Court considers the opposition to the Motion to not have been waived, the Opposition includes only a handful of stray and unspecified references that could conceivably apply to the Marchant Defendants, including "negative articles pertaining to Mr. Stern's arrest and court cases" and a "website that is accessible in Pennsylvania" that "specifically targeted" Plaintiffs.  Opposition at pp. 2-13, 14, 20 & 24; Declaration of David Marchant, dated November 14, 2024, ECF No. 45-3 at ¶ 4 ("**Marchant Decl.**") (explaining that the Marchant Defendants own and operate OffshoreAlert.com ("**OA**"), an investigative journalism website that monitors publicly available court filings and provides information to subscribers located around the world).

However, these generalized and unsupported assertions do not alter the reality that that the

Amended Complaint is an improper shotgun pleading that should be dismissed with prejudice.

*First,* as discussed in the Motion at length, general personal jurisdiction is improper because, as Plaintiffs acknowledge, the Marchant Defendants do not reside in Pennsylvania, are not incorporated in the Commonwealth, and maintain no physical presence there. Am. Compl. ¶¶ 6-7. The Marchant Defendants' overall contacts with Pennsylvania are not sufficiently substantial, continuous, nor systematic so as to subject them to the general jurisdiction of a Pennsylvania court.

*Second*, the threadbare allegations in the Opposition should not subject the Marchant Defendants to specific personal jurisdiction in this Court.

While Offshore Alert operates the OA website that is accessible in Pennsylvania, it has not directly targeted the Commonwealth nor its residents in a manner distinct from its operations with respect to every other jurisdiction worldwide. *See* Marchant Decl. ¶¶ 4-9. It in no way specifically targeted Plaintiffs, much less any resident of Pennsylvania. *Id.*

Furthermore, the "negative articles" about Plaintiffs that are allegedly on the OA website likewise does not constitute conduct targeted at Pennsylvania. As a general matter, the OA website has not published "articles" about Stern in the commonly understood definition of this word. Rather, the OA website has posted only publicly available court records about Plaintiffs, without commentary or other editorializing. *See* Marchant Decl. ¶¶ 12-15. In any event, whether characterized as negative or not, the posts on the OA website about Plaintiffs are immaterial to the personal jurisdiction analysis because such posts are not directly targeted to Pennsylvania residents. *See Hadnagy v. Moss*, CIVIL ACTION No. 22-3060, 2023 WL 114689, at *1, 3-7 (E.D. Pa. Jan. 5, 2023) (granting motion to dismiss for lack of personal jurisdiction even though website posted "Transparency Report" about plaintiff; website was accessible throughout the United States and abroad and did not maintain any customized features specifically targeted at Pennsylvania

residents).  Plaintiffs provide no allegations that the posts on the OA website concerning Stern were read extensively in Pennsylvania (relative to other forums).  *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (declining to find personal jurisdiction over non-resident defendant in part because there was no basis that Pennsylvania was the "focal point" of defendant's activity).

For the same reasons, the subject of the posts, *i.e.*, Stern's "court cases," is immaterial to the personal jurisdiction analysis absent targeting of Pennsylvania residents, which is lacking here.

*Third*, nothing in the Opposition warrants denying the Marchant Defendants' Motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  As a threshold issue, the Opposition contains no allegations to support Counts I, II, III, V, VI, VII and IX that could conceivably pertain to the Marchant Defendants.  *See* Opposition at pp. 18-25.  Rather, the allegations supposedly supporting these Counts pertain to the "Contracting Defendants," a category that expressly excludes the Marchant Defendants (*see* Am. Compl. ¶ 21 & Exs. 5-8).

When discussing Count IV and X – a claim for common law and statutory unfair competition under the UTPCPL -- the Opposition references the "negative articles" that could be read broadly to pertain to the OA website and the Marchant Defendants.  *See* Opposition at pp. 20-21. However, Plaintiffs admit that their claim under Count X is meritless because "it is thus clear on its face that Plaintiffs fail to state a claim under UTPCPL."  *Id.* at p. 21.  Count IV, alleging common law unfair competition, fails because Plaintiffs cannot satisfy either of the two elements. *See M3 USA Corp. v. Hart*, 516 F. Supp. 476, 504 (E.D. Pa. 2021).  The "negative articles" alleged by Plaintiffs hardly constitutes marketing of the Marchant Defendants' products.  Further, there are no allegations that the Marchant Defendants ever maintained access to the Plaintiffs' protectable intellectual property, or other confidential information, or what such information would be.  This is unsurprising, as the Marchant Defendants never had access to such information.

Plaintiffs also fail to state a claim for civil conspiracy (Count VIII). The Opposition regurgitates the group pleading allegation that the Marchant Defendants acted in concert with the other Defendants by "artificially enhancing and embellishing the simple summary disporderly [*sic*] charge in [the] Chester County Court of Common Pleas." Opposition at p. 24 (citing Am. Compl. at ¶ 139). The Opposition provides no allegations explaining why, when, how, or with whom the Marchant Defendants could have been "artificially enhancing and embellishing" Stern's court case. As such, Plaintiffs cannot show either that the Marchant Defendants acted in concert with other Defendants or that the Marchant Defendants agreed to do any unlawful act or an otherwise lawful act by unlawful means. Count VIII should be dismissed.

For the foregoing reasons and those set forth in the Motion, Defendants David Marchant and KYC News, Inc. T/A/D/B/A Offshore Alert respectfully request that the Court dismiss Plaintiffs' Amended Complaint against the Marchant Defendants in its entirety and with prejudice.

Dated: December 6, 2024
      Philadelphia, Pennsylvania

HOLLAND & KNIGHT LLP

/s/ Benjamin R. Wilson
Benjamin R. Wilson, Esq. (Bar No. 327118)
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone: (215) 252-9600
Email: benjamin.wilson@hklaw.com

Richard A. Bixter Jr.,
*pro hac vice*
150 North Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Phone: (312) 422-9032
Email: richard.bixter@hklaw.com

*Attorneys for Defendants David Marchant*
*and KYC News, Inc. T/A/D/B/A Offshore Alert*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and served upon all parties registered for the CM/ECF system in this case.

Dated: December 6, 2024
　　　Philadelphia, Pennsylvania

　　　　　　　　　　　　　/s/ Benjamin R. Wilson

5