IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVERETT STERN, *et ano.*,

    Plaintiffs,

vs.

WILLIAM RUZICH, *et al.*,

    Defendants.

Civil Action No. 2:24-cv-01222-WB

### MORAN DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

Dated: December 7, 2024
Lindsay Moran, 218 Taylor Avenue, Annapolis,
MD 21401

    Plaintiff's predictably nonsensical filing "RESPONSE TO DEFENDANT LINDSAY MORAN MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT" (Document 48) appears largely to be a copied-and-pasted replica of Moran Defendant's motion to dismiss (which was previously denied due to a technicality/the incompetence of Plaintiffs in their original filing), but with additional false allegations made by Plaintiff, specifically and most egregiously: in Document 48, Everett Stem and Tactical Rabbit, *"aver that Moran worked with Plaintiffs as a contractor and was paid handsomely for her services."*

    Defendant Moran is happy to provide the court redacted copies of her income taxes, including W-2s and 1099s, for the past several years to show that at NO time during her brief association with Plaintiffs during three months in 2022, was she paid by Plaintiffs. Defendant Moran is further confident that Plaintiffs would/will be unable to furnish evidence of any handsome payments from Plaintiff to Defendant in 2022, or at any other time.

In Document 48, Plaintiffs have failed to address Defendant Moran's Motion to Dismiss, and merely offered a few additional generalized and unsupported assertions that do not alter the reality that that the Amended Complaint is an improper shotgun pleading that should be dismissed with prejudice.

*First,* general personal jurisdiction is improper because, as Plaintiffs acknowledge, Moran Defendant does not reside in Pennsylvania, is not incorporated in the Commonwealth, and maintains no physical presence there. Moran Defendant's overall contacts with Pennsylvania are not sufficiently substantial, continuous, nor systematic so as to subject her to the general jurisdiction of a Pennsylvania court.

*Second*, the threadbare allegations in the opposition should not subject Moran Defendants specific personal jurisdiction in this Court. Plaintiff falsely claims that Defendant Moran was employed by him as a contractor and "paid handsomely." This is categorically false. Per above, and per previous filings, including Moran's motion to dismiss, Defendant Moran:

1) had a brief three month max association with Plaintiff in 2022;

2) was commissioned and agreed to edit a single document for Plaintiff;

3) quickly ascertained from said document – an "intelligence report" comprised of unfounded and ridiculous conclusions directed at an MIT student – that Plaintiff was engaged is stalking and defamation, and that Tactical Rabbit was an illegitimate (at best) business, potentially violating basic anti-stalking and defamation laws;

4) as such, severed contact with Plaintiff in 2022;

5) was never compensated by Plaintiff for the work - editing this single document and offering Plaintiff the advice that the document was problematic at best, if not legally indefensible – she performed, and;

6) has been stalked and harassed by Plaintiff both independent of the court, and via Plaintiff's relentless and flagrant abuse of the legal system and this court with a preposterous and

spurious lawsuit based entirely on Plaintiff's paranoid delusions and repeatedly asserted and unsupported falsehoods.

*Third*, nothing in the Opposition warrants denying the Moran Defendant's Motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  As a threshold issue, the Opposition contains no allegations to support Counts I, II, III, IV, V, VI, VII, IX and X that could possibly pertain to Defendant Moran. Further, there are no allegations not evidence that the Moran Defendants ever maintained access to the Plaintiffs' protectable intellectual property, or other confidential information, or what such information would be.  This is unsurprising, as the Moran Defendant never had access to such information.  Plaintiffs also fail to state a claim or provide evidence for civil conspiracy (Count VIII).

For the foregoing reasons and those set forth in the Motion, Defendant Lindsay Moran respectfully requests that the Court dismiss Plaintiffs' Amended Complaint against Moran Defendants in its entirety and with prejudice.

Dated: December 7, 2024
Annapolis, MD 21401

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and served upon all parties registered.

Lindsay Moran

12/07/2024