**MARK THOMAS SOPHOCLES, LLC**          **ATTORNEY FOR PLAINTIFFS**
**MARK T. SOPHOCLES, ESQUIRE**          **EVERETT STERN**
**21 INDUSTRIAL BLVD., SUITE 201**      **TACTICAL RABBIT, INC.**
**PAOLI, PA 19301**
**PA SUPREME COURT ID # 74998**
**PHN: 610.651.0105**
**FAX: 610.651.0106**
**MARK@SOPHOCLESLAW.COM**               **JURY TRIAL DEMANDED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| **EVERETT STERN, *ET AL.*** :  | |
|     **Plaintiffs,** : | |
| : | |
| **V.** : | **CASE: 2:24-cv-01222-WB** |
| : | |
| **WILLIAM RUZICH, *ET AL.*** : | |
|     **Defendants.** : | |

**SECOND AMENDED CIVIL COMPLAINT**

**I.     PARTIES**

1.     Plaintiff Everett Stern is an adult individual residing in the State of Florida. He is the principal, founder, and equitable owner of Tactical Rabbit, Inc., a co-plaintiff in this action.

2.     Plaintiff Tactical Rabbit, Inc. is a C Corporation with its principal office at 2929 Arch Street, Suite 1700, Philadelphia, PA 19104.

3.     Defendant William Ruzich is an adult individual residing at 314 Mockingbird Lane, Waterloo, Illinois 62258, who formerly worked for and with Plaintiffs.

4.     Defendant Lindsay Moran is an adult individual residing at 218 Taylor Avenue, Annapolis, Maryland 21401, who formerly worked for and with Plaintiffs.

5.     Defendant Kyeson Utley is an adult individual residing at 3969 Prairie Creek, New Braunfels, Texas 78132, who formerly worked for and with Plaintiffs.

6. Defendant David Marchant is an adult individual residing at 176 Shady Hollow, Nederland, Colorado 80466, who contracted with Plaintiffs for services and developed a business relationship with Plaintiffs and other Defendants.

7. Defendant KYC News, Inc., doing business as OffshoreAlert, is a Florida corporation with its principal place of business at 113 SE 1st Avenue, Suite #173, Miami, Florida 33131.

8. Defendant The Aracari Project is a business entity located at 6801 Jefferson Street NE, Suite 150, Albuquerque, New Mexico 87109, formed by former contractors of Plaintiffs including Defendants Moran, Utley, and Ruzich.

9. Defendant Spyscape Entertainment is a New York corporation with its principal place of business at 928 8th Avenue, New York, New York 10019.

## II. BACKGROUND

10. Plaintiff Everett Stern founded and operated Tactical Rabbit, Inc. and related entities providing national and international private intelligence services for over a decade.

11. Plaintiffs invested substantial resources, including significant financial and technological assets, to build the Tactical Rabbit brand and business reputation and developed extensive client relationships and proprietary data. Plaintiffs' services generated approximately $1,000,000 in gross revenues from 2017 through 2021. *(See Exhibit "1" Stern Affidavit)*

12. Plaintiffs retained Defendants Ruzich, Moran, and Utley as contractors pursuant to written agreements *(See Exhibits "2-4")* governing the scope of work, confidentiality, and non-solicitation obligations.

13. After leaving Tactical Rabbit, Defendants conspired to form various means of harming and denigrating the Plaintiffs through, inter alia, The Aracari Project and misappropriated Plaintiffs' trade secrets, clients, and employees, causing substantial economic harm.

14. Defendants falsely stated that Plaintiff Stern was under FBI investigation for wire fraud, which was entirely false and defamatory, damaging Plaintiffs' business and reputation.

15. Defendants used Plaintiffs' confidential data, client lists, and proprietary information to solicit Plaintiffs' clients and redirect business to Aracari and affiliated entities, including OffshoreAlert and Spyscape Entertainment *(See Exhibits "5-18")*

16. Plaintiffs suffered the loss of contracts, clients, goodwill, and business opportunities as a direct and proximate result of Defendants' conduct and lost millions of dollars in fees and sales with prospective customers.

### III.    JURISDICTION

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332(a), and supplemental jurisdiction under 28 U.S.C. § 1367, as the claims derive from a common nucleus of operative facts.

### IV.    VENUE

18. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this district and Plaintiffs conducted business within the district at all salient and relevant times in Chester County

### V.    CAUSES OF ACTION AGAINST ALL DEFENDANTS

#### COUNT I
#### BREACH OF CONTRACT

19. Plaintiffs incorporate by reference all prior paragraphs.

20. Plaintiffs and Defendants Ruzich, Moran, and Utley entered into valid written agreements (***Exhibits 2-4***). Plaintiffs performed all obligations under those agreements.

21. Defendants breached the agreements by misusing confidential information, soliciting clients, and engaging in competing business activities contrary to their contractual duties.

22. As a result of these breaches, Plaintiffs suffered substantial damages exceeding $75,000, including loss of income, goodwill, and business opportunities.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT II
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND TORTIOUS INTERFERENCE OF CONTRACT RIGHTS

23. Plaintiffs incorporate by reference all prior paragraphs.

24. Plaintiffs had existing and prospective contractual relationships with multiple clients and partners in the private intelligence sector.

25. Defendants intentionally interfered with these relationships by misrepresenting Plaintiff Stern's integrity and falsely asserting criminal investigation, knowing such statements were untrue.

26. Defendants' conduct caused clients to terminate or refrain from entering agreements with Plaintiffs, resulting in significant business loss.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT III
## NEGLIGENT INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

27. Plaintiffs incorporate by reference all prior paragraphs.

28. Defendants owed Plaintiffs a duty of care not to interfere negligently with Plaintiffs' business relationships.

29. Defendants breached that duty by carelessly disseminating false information, failing to verify claims, and allowing confidential data to be misused.

30. Plaintiffs sustained economic loss, loss of contracts, and reputational harm as a result of such negligence.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT IV
## UNFAIR COMPETITION (73 P.S. §201)

31. Plaintiffs incorporate by reference all prior paragraphs.

32. Defendants engaged in deceptive, fraudulent, and unfair business practices, including false representations and misappropriation of proprietary information.

33. These acts constitute unfair competition under Pennsylvania law (73 P.S. §201-3).

34. Plaintiffs are entitled to damages and injunctive relief under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT V
## TRESPASS TO CHATTELS

35. Plaintiffs incorporate by reference all prior paragraphs.

36. Defendants intentionally interfered with Plaintiffs' computer systems and proprietary databases, diminishing their functionality and value.

37. Plaintiffs suffered damages including loss of system integrity, confidentiality, and business data.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT VI
## UNJUST ENRICHMENT / RESTITUTION

38. Plaintiffs incorporate by reference all prior paragraphs.

39. Defendants unjustly received benefits by taking Plaintiffs' clients, data, and intellectual property without authorization.

40. Equity and good conscience require restitution of all ill-gotten gains and profits obtained from these acts.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT VII
## NEGLIGENCE

41. Plaintiffs incorporate by reference all prior paragraphs.

42. Defendants owed Plaintiffs a duty to act reasonably in the management and supervision of their relationships and business practices.

43. Defendants' failure to exercise ordinary care directly caused Plaintiffs' business losses and reputational harm.

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT VIII
## CIVIL CONSPIRACY

44. Plaintiffs incorporate by reference all prior paragraphs.

45. Defendants acted jointly and in concert with a common purpose to harm Plaintiffs' business interests by unlawful means by working together in whole and in part toward the common purpose of denigrating Plaintiffs and ruining their respective businesses.

46. Defendants' overt acts in furtherance of the conspiracy caused Plaintiffs to lose clients, contracts, relationships, and income.

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

## COUNT IX
## AIDING AND ABETTING FRAUD

47. Plaintiffs incorporate by reference all prior paragraphs.

48. Defendants knowingly and substantially assisted each other in the dissemination of false statements and fraudulent misrepresentations designed to harm Plaintiffs.

49. Plaintiffs suffered damages including lost profits, goodwill, and business reputation as a result of such conduct.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

### COUNT X
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

50. Plaintiffs incorporate by reference all prior paragraphs.

51. Defendants' conduct constitutes deceptive and unfair practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. §201-1 et seq.).

52. Plaintiffs are entitled to actual, treble, and punitive damages, attorneys' fees, and such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against all Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, attorney's fees, costs, and such other relief as deemed just and equitable.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

By: *Mark T. Sophocles*
MARK T. SOPHOCLES, ESQUIRE
PA Supreme Court ID #74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Telephone: 610-651-0105
Facsimile: 610-651-0106
Mark@sophocleslaw.com
Attorney for Plaintiffs

## VERIFICATION

I, Plaintiff Everett Stern, hereby verifies that the statements made in this Second Amended Civil Complaint are true and correct to the best of my knowledge, information, and belief, and are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____

**EVERETT STERN**