IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| EVERETT STERN, ET AL.<br>  Plaintiffs, | :<br>:<br>: |
| V. | :   Civil Action No. 2:24-cv-01222-WB |
| | : |
| WILLIAM RUZICH. ET AL.<br>  Defendants. | :<br>: |

### PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

Plaintiffs, by and through undersigned counsel, respectfully move under Fed. R. Civ. P. 4(e)(1) and Pennsylvania Rule of Civil Procedure 430 for leave to serve Defendant William Ruzich by alternative means—specifically, by electronic mail to his known email address and by mail to his last known residential addresses—because diligent efforts at traditional service have been unsuccessful. In support, Plaintiffs state:

## I. INTRODUCTION & BACKGROUND

Plaintiffs filed this action on March 22, 2024, and intend to file a Second Amended Complaint. Despite multiple diligent attempts, Defendant William Ruzich remains the only unserved defendant. Plaintiffs therefore request an order authorizing service by (a) email to Defendant's known address, and (b) first-class and certified mail to his last known addresses, which are reasonably calculated to provide actual notice.

## II. DILIGENT EFFORTS TO SERVE MR. RUZICH

Using ABC Legal Process Servers, Plaintiffs attempted personal service at multiple locations and engaged with persons at those locations. Attempts included:

1. April 13, 2024 — 314 Mockingbird Lane, Waterloo, IL 62298 (spoke to an individual identifying as Defendant's grandfather; reported Defendant moved out in 2006 and is now overseas).
2. May 14, 2024 — 600 H St., Apt. 215, Washington, DC 20002 (leasing agent Shedell Young reported Apt. 215 vacant; no service).
3. May 15, 2024 — 600 H St., Apt. 215, Washington, DC 20002 (follow-up with leasing agent; unit still vacant; no service).
4. May 20, 2024 — 6321 113th St., Apt. 1405, Seminole, FL 33772 (resident and neighbor reported subject unknown; no service).

Process-server affidavits reflecting these dates and contacts are attached as Exhibit B (Affidavit(s) of Non-Service). Counsel's Declaration in Support of the Motion for Alternative Service is attached as Exhibit A.

### III. LEGAL STANDARD

Rule 4(e)(1) permits service by "following state law for serving a summons" where the district court sits. Pennsylvania Rule 430 authorizes service by special order when service cannot be made under Rules 400–430, upon a showing of diligence and that the proposed method is reasonably calculated to provide notice.

Courts in this District apply a three-part test: (1) the plaintiff made a good-faith effort to locate the defendant; (2) the plaintiff made practical efforts to effect service; and (3) the proposed alternative is reasonably calculated to provide notice. Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (articulating test); see also Premium Payment Plan v. Shannon Cab Co., No. 04-4669, Memorandum/Order (E.D. Pa. Aug. 10, 2007) (Pollak, J.) (granting alternative service after multiple failed attempts, applying Rule 4(e)(1) and Pa. R.C.P. 430).

The due-process touchstone is whether the method is "reasonably calculated" to apprise the defendant of the action. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

## IV. ARGUMENT

A. Plaintiffs exercised diligence. Plaintiffs used professional process servers, attempted service at multiple addresses in Illinois, the District of Columbia, and Florida, and obtained information from residents and a leasing office. These efforts satisfy good faith and practical attempts under Calabro and Premium Payment Plan.

B. Email and mail are reasonably calculated to give notice. Plaintiffs possess a functioning email address used by Defendant in prior communications (to be supplied in the proposed order), and mailings to his last known addresses provide redundant channels of notice. Courts in this District routinely approve email and mail as alternative methods where, as here, a defendant evades or cannot be located, and the methods are likely to reach the defendant. See Rule 4(e)(1); Pa. R.C.P. 430; Premium Payment Plan (approving multiple alternative modalities).

C. Extension of time under Rule 4(m). To the extent necessary, Plaintiffs request a brief extension to complete alternative service, which is appropriate given the documented diligence and the preference for resolving cases on the merits. See Premium Payment Plan (granting enlargement and alternative service).

D. Authorities cited: Fed. R. Civ. P. 4(e)(1); Pa. R.C.P. 430; Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Calabro v. Leiner, 464 F. Supp. 2d 470 (E.D. Pa. 2006); Premium Payment Plan v. Shannon Cab Co., No. 04-4669 (E.D. Pa. Aug. 10, 2007) (Pollak, J.) (granting alternative service).

## V. REQUESTED RELIEF

Plaintiffs respectfully request that the Court enter the attached Proposed Order authorizing service on Defendant William Ruzich by:

Email to **wruzich12@gmail.com**

1. First-class and certified mail (return-receipt requested) to the following last known addresses:
   - 314 Mockingbird Lane, Waterloo, IL 62298
   - 600 H St., Apt. 215, Washington, DC 20002
   - 6321 113th St., Apt. 1405, Seminole, FL 33772

and granting a 30-day extension under Rule 4(m) to complete service by the above methods.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

By: _____
Mark T. Sophocles, Esquire
Attorney for Plaintiffs

Dated: 11/6/2025