IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT STERN and TACTICAL RABBIT, LLC,**<br>    **Plaintiffs,**<br><br>        v.<br><br>**ARACARI PROJECT, DAVID MARCHANT, KYC NEWS, INC. d/b/a OFFSHORE ALERT, KYESON UTLEY, LINDSAY MORAN, SPYSCAPE ENTERTAINMENT, and WILLIAM RUZICH,**<br>    **Defendants.** | CIVIL ACTION<br><br><br><br>NO.  24-1222 |

## MEMORANDUM OPINION

Plaintiff Everett Stern, the founder, owner, and principal of Plaintiff Tactical Rabbit, LLC ("Tactical Rabbit"), an entity engaged in national and international private-intelligence services, initiated this action alleging that Tactical Rabbit's former contractors—Defendants William Ruzich, Lindsay Moran, Kyeson Utley, and David Marchant—and professional affiliates—KYC News, Inc. d/b/a OffshoreAlert ("OffshoreAlert") and Spyscape Entertainment ("Spyscape")—caused Plaintiffs substantial reputational and economic harm by: (i) conspiring to misappropriate Tactical Rabbit's proprietary data and client lists; (ii) disseminating false and defamatory statements concerning Plaintiff Stern; and (iii) unlawfully soliciting clients on behalf of competitor entities, Defendants The Aracari Project, OffshoreAlert, and Spyscape.

Since filing their initial complaint in 2024, Plaintiffs represent that they have made "multiple diligent attempts" to serve Defendant Ruzich, but have been unsuccessful. As a result, Defendant Ruzich remains the sole unserved defendant. Plaintiffs now move, pursuant to Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 430(a), for leave to effect service on Defendant Ruzich by alternative means, specifically via: (1) email to his last known address, wruzich12@gmail.com,

1

and (2) first-class and certified mail (return receipt requested) to the same residential addresses previously used in their unsuccessful service attempts.  For the reasons set forth below, Plaintiffs' Motion for Alternative Service shall be denied.

I.       FACTUAL BACKGROUND

From 2017 to 2021, Plaintiffs—operating under the Tactical Rabbit corporate name—secured multiple intelligence-gathering service contracts through which they generated approximately $1 million in gross revenue.  Plaintiffs retained Defendants William Ruzich, Lindsay Moran, and Kyeson Utley as independent contractors to assist with such services.  Upon departing from Tactical Rabbit, Defendants Ruzich, Moran, and Utley allegedly conspired to misappropriate Plaintiffs' trade secrets, clients, and workforce; disseminated false and defamatory statements asserting that Plaintiff Stern was under FBI investigation for wire fraud; and exploited Plaintiffs' proprietary information to solicit Plaintiffs' clients and divert business to The Aracari Project, OffshoreAlert and Spyscape.  According to Plaintiffs, Defendants' actions inflicted substantial reputational and economic injury, culminating in millions of dollars in fees and prospective sales.

Plaintiffs now assert that, since initiating this action on March 22, 2024, they have—through ABC Legal Process Servers—made four good-faith attempts to personally serve Defendant Ruzich, all of which were unsuccessful.  The process-server affidavits reflect the dates and contacts for each attempted service as follows: (1) April 13, 2024, 7:53 p.m. EDT – 314 Mockingbird Lane, Waterloo, IL 62298: The Process Server spoke with an individual identifying as Defendant Ruzich's grandfather, the homeowner, who reported that Defendant Ruzich moved out in 2006 and is now residing overseas; (2) May 14, 2024, 2:55 p.m. EDT – 600 H St., Apt. 215, Washington, D.C. 20002: The Process Server spoke with the leasing agent, Shedell Young, who reported that the apartment was vacant; (3) May 15, 2024, 4:31 p.m. EDT –

600 H St., Apt. 215, Washington, D.C. 20002: The Process Server followed up with the leasing agent, Shedell Young, who confirmed that Defendant Ruzich had moved and the apartment remained vacant; and (4) May 20, 2024, 5:27 p.m. EDT – 6321 113 St., Apt. 1405, Seminole, FL 33772: The Process Server spoke with "the resident," who claimed to not know Defendant Ruzich, and with an undisclosed neighbor, who likewise stated that Defendant Ruzich was not a resident.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also Boley v. Kaymark*, 123 F.3d 756, 757 (3d Cir. 1997). Because this case arises in the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure govern. Per Pennsylvania law, "[i]f service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a); *see Calabro v. Leiner*, 464 F. Supp.2d 470, 471-72 (E.D. Pa. 2006) (articulating test).

Under *Calabro*'s three-prong test, a plaintiff seeking alternative service of process as a "last resort" must demonstrate: (1) "a good faith effort to locate the [defendant;]" (2) "practical efforts to serve [the] defendant under the circumstances;" and (3) a proposed method of alternative service that "is reasonably calculated to provide the defendant with notice." *Calabro*, 464 F. Supp.2d at 470-73. [1] Failure to satisfy the first prong obviates the need to consider the others. *See United States v. Mar*, 2015 U.S. Dist. LEXIS 162058, at *3 (E.D. Pa. Dec. 2, 2015).

---

[1] While acknowledging that *Calabro*, 464 F. Supp.2d 470 is not binding authority, this Court nonetheless finds it persuasive and consistent with the approach frequently applied by other Pennsylvania courts in this context. *See, e.g.*, *United States v. Linares*, 2016 U.S. Dist. LEXIS 165702, at *2-3 (E.D. Pa. Nov. 30, 2016); *Deutsche Bank Nat'l Tr. Co. v. Marjer, Inc.*, 2014 U.S. Dist. LEXIS 151327, at *10 (E.D. Pa. Oct. 24, 2014); *Premium Payment Plan v.*

3

III.     DISCUSSION

    A.     **Plaintiffs Failed to Make a Good Faith Effort to Locate Defendant Ruzich**

Rule 430(a)'s note sets forth a non-exhaustive list of methods for locating a defendant, including "inquiries of postal authorities, inquiries of relatives, friends, [and] neighbors . . . of defendant, and examinations of voter registration records, local tax records, and motor vehicle records." *Calabro*, 464 F. Supp.2d at 472 (quoting Pa. R. Civ. P. 430). Although a plaintiff need not employ every available method, failure to utilize most of them renders efforts to locate a defendant insufficient. *See Mar*, 2015 U.S. Dist. LEXIS 162058, at *3; *see also Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989) (noting that good-faith effort requires "more than a mere paper search").

Here, Plaintiffs, through ABC Legal Process Servers, attempted service at three of Defendant Ruzich's so-called "last known residential addresses" in Illinois, Washington, D.C., and Florida, and engaged with Defendant Ruzich's grandfather, the homeowner of the Illinois address; the leasing agent at the Washington, D.C. address; and undisclosed residents at the Florida address—all of whom reported that Defendant Ruzich does not reside at each respective location. While Plaintiffs may have identified certain of Defendant Ruzich's residences, they have nonetheless offered no evidence to substantiate that any constituted his *last known* residence. *See Mar*, 2015 U.S. Dist. LEXIS 162058, at *3-4 (finding plaintiff failed to "provide[] sufficient evidence of . . . defendant's last known address"). In other words, Plaintiffs do not explain what, if any, steps were taken to verify the recency and accuracy of such addresses through postal inquiries, public record searches, or comparable investigations, as

---

*Shannon Cab Co.*, 2007 U.S. Dist. LEXIS 58886, at *5 (E.D. Pa. Aug. 13, 2007); *Sisson v. Stanley*, 109 A.3d 265, 270 (Pa. Super. 2015).

typically required by Pennsylvania courts. *See Premium Payment Plan*, 2007 U.S. Dist. LEXIS 58886, at *5 (observing plaintiff's good-faith effort where it confirmed with the postal service that defendant's officer resided at the attempted service address); *cf. Linares*, 2016 U.S. Dist. LEXIS 165702, at *4-5.

This concern is most acute with respect to the Florida address, where a resident stated only that they do not know Defendant Ruzich and a neighbor reported Defendant Ruzich is not a resident. Such bare statements, however, do not resolve whether the individuals know enough to confirm whether Defendant Ruzich currently lives—or has ever lived—at the Florida address. *See Deutsche Bank Nat'l Tr. Co.*, 2014 U.S. Dist. LEXIS 151327, at *8 ("That the process server . . . spoke to people on the premises who did not know [defendant] . . . does not establish that [defendant] does not reside at those locations or that he is evading service."). Plaintiffs further fail to explain why, after reaching two individuals who affirmatively had prior contact with Defendant Ruzich, they posed no follow-up questions—namely whether Defendant Ruzich's grandfather in Illinois knew more about his "overseas" whereabouts since 2006, or whether his former leasing agent in Washington, D.C. possessed a potential forwarding address.

Absent any such evidence of additional verification or investigative efforts, four attempts to serve Defendant Ruzich at three addresses where he may have once lived are insufficient to demonstrate reasonable diligence. *See, e.g.*, *Linares*, 2016 U.S. Dist. LEXIS 165702, at *4-5 (concluding that, despite hiring a process server and conducting various searches—including employment, credit-header, death-record, postal FOIA, skip-tracer, and prison and military checks—plaintiff's failure to verify the status of the attempted-service address or review voter-registration records rendered its efforts insufficient to confirm defendant's last known address and, thus, inadequate to demonstrate good faith); *see also Johnson v. Jackson*, 2004 U.S. Dist.

5

LEXIS 463, at *3-7 (E.D. Pa. Jan. 6, 2004) (finding that, although plaintiff retained a process server to attempt service at a listed address, requested information from the postmaster, searched a telephone directory, and hired a private investigator, plaintiff nonetheless "left several stones unturned" by failing to pursue additional available avenues, such as contacting defendant's mother and the insurer with whom counsel had previously corresponded). Accordingly, Plaintiffs failed to demonstrate that they made a good faith effort to locate Defendant Ruzich.

> **B.    Plaintiffs Failed to Undertake Practical Efforts to Serve Defendant Ruzich**

Even assuming, *arguendo*, that Plaintiffs have met the good faith effort requirement, the practicality of their attempts to effect service would have to be evaluated in light of the circumstances. *See Calabro*, 464 F. Supp.2d at 470-72. Courts have found "[t]he number of times a plaintiff attempts to make service" probative, with "multiple repeated attempts" at different times of day or on different days of the week typically deemed sufficient to satisfy the practical efforts requirement. *Enno v. VBit Techs. Corp.*, 2023 U.S. Dist. LEXIS 47885, at *4 (E.D. Pa. Mar. 20, 2023) (citation omitted); *see, e.g.*, *United States v. Muhammad*, 2009 U.S. Dist. LEXIS 19278, at *5 (E.D. Pa. Mar. 9, 2009) (seven attempts on six different days of the week and at varying times sufficient); *but see Calabro*, 464 F. Supp.2d at 473 (three "half-heart attempts," two on the same day of the week and two at the same time of day, insufficient); *see also Barbosa v. Dana Capital Grp.*, Inc., 2009 U.S. Dist. LEXIS 51992, at *18 (E.D. Pa. Mar. 31, 2009) (two attempts on consecutive days insufficient).

That said, repeated attempts are not required once a plaintiff discovers that a defendant no longer resides at a given location, as such would be futile. *See De Lage Landen Fin. Servs. v. Convrgd Data Tech, Inc.*, 2020 U.S. Dist. LEXIS 216639, at *5 (E.D. Pa. Nov. 19, 2020). A plaintiff confronted with this development must nonetheless demonstrate that a range of practical

6

efforts were undertaken—both preceding and following that discovery. *See, e.g.*, *Enno*, 2023 U.S. Dist. LEXIS 47885, at *6 (finding plaintiff's attempts at personal service sufficiently practical only "when coupled with his outreach to [defendant's] counsel and ex-wife"); *see also Linares*, 2016 U.S. Dist. LEXIS 165702, at *6 (concluding that plaintiff was obligated to make "diligent efforts" to locate defendant even after the process server had indication that she did not reside at the attempted address). The plaintiff must further establish that the defendant was actively evading service. *See Calabro*, 464 F. Supp.2d at 473.

Here, Plaintiffs' single attempts to serve Defendant Ruzich at his former Illinois and *alleged* former Florida address, and their two attempts—on consecutive days, May 14 and 15, 2024, and only approximately an hour and a half apart—at his Washington, D.C. address, are ordinarily insufficient. However, even accounting for the fact that Plaintiffs' process servers were informed by Defendant Ruzich's grandfather, a former leasing agent, and other undisclosed residents that Defendant Ruzich did not presently reside at any of these three locations—rendering further service attempts at such addresses futile—Plaintiffs were still required to demonstrate that they supplemented such attempts with a range of practical efforts, and that Defendant Ruzich was actively evading service. As noted above, they present no such evidence and appear to have made no further "diligent efforts" to locate Defendant Ruzich since their last service attempt on May 20, 2024. Consequently, and under these circumstances, Plaintiffs fail to satisfy the practical efforts requirement. *See Deutsche Bank Nat'l Tr. Co.*, 2014 U.S. Dist. LEXIS 151327, at *7-9 (finding plaintiff's efforts insufficient where, after occupants at two attempted addresses claimed not to know one defendant, the process server failed to conduct follow-up visits, ascertain whether defendant might have lived in another unit, or interview other occupants using defendant's photograph or description).

### C. Plaintiffs Fail to Establish that Alternative Service is Warranted

Constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Calabro*, 464 F. Supp.2d at 471 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Although Plaintiffs now propose two alternative methods to effect service on Defendant Ruzich: (1) email to his last known address, wruzich12@gmail.com, and (2) first-class and certified mail (return receipt requested) to each of the three residential addresses previously attempted, because Plaintiffs failed to satisfy the first two prongs of the *Calabro* test, consideration of alternative service is not warranted at this time. *See Calabro*, 464 F. Supp.2d at 473 (declining to reach the alternative service prong "as plaintiff has not shown that she has . . . adequately attempted to effect personal service upon defendants"); *see also Deutsche Bank Nat'l Tr. Co.*, 2014 U.S. Dist. LEXIS 151327, at *7 ("If the plaintiff does not satisfy the first two requirements, there is no need to consider the third one.").

For the foregoing reasons, Plaintiffs' motion for alternative service shall be denied. An appropriate order follows.

BY THE COURT:

S/ **WENDY BEETLESTONE**
_____
**WENDY BEETLESTONE, C.J.**