IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVERETT STERN and TACTICAL RABBIT, LLC,<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>ARACARI PROJECT, DAVID MARCHANT, KYC NEWS, INC. d/b/a OFFSHORE ALERT, KYESON UTLEY, LINDSAY MORAN, SPYSCAPE ENTERTAINMENT, and WILLIAM RUZICH,<br><br>        **Defendants.** | CIVIL ACTION<br><br><br><br>NO.  24-1222 |

### MEMORANDUM OPINION

This matter arises from the actions allegedly taken by Defendants William Ruzich, Lindsay Moran, Kyeson Utley, the Aracari Project, David Marchant, KYC News, Inc. d/b/a OffshoreAlert ("OffshoreAlert") and Spyscape Entertainment ("Spyscape") against Plaintiff Everett Stern, an adult individual residing in the State of Florida, and his company Tactical Rabbit, LLC ("Tactical Rabbit"), which provides national and international private-intelligence services.[1]  Plaintiffs allege that Defendants caused substantial reputational and economic harm by: (i) conspiring to misappropriate Tactical Rabbit's proprietary data and client lists; (ii) disseminating false and defamatory statements concerning Plaintiff Stern; and (iii) unlawfully soliciting clients on behalf of competitor entities, the Aracari Project, OffshoreAlert, and Spyscape. This is the second time the matter is before the Court on motions to dismiss, filed by:

---

[1] Because the factual background has already been recounted, *see Stern v. Aracari Project*, 2025 WL 899320, at *1 (E.D. Pa. Mar. 21, 2025) *and Stern v. Aracari Project*, 2025 WL 3294725, at *1 (E.D. Pa. Nov. 25, 2025), only what is necessary for resolution of the present motions shall be addressed.

1

(1) ) Defendants David Marchant and Offshore Alert (collectively, the "Marchant Defendants") (2) Spyscape; and, (3) Moran, in response to Plaintiffs' Second Amended Complaint, which—though roughly one-quarter the length of the prior pleading—asserts the same ten causes of action.  This Court granted Defendants' prior motions to dismiss and dismissed Plaintiffs' claims without prejudice, explaining that Plaintiffs failed to establish that specific and general jurisdiction existed over Spyscape and Moran.  *Stern*, 2025 WL 899320, at *7.  The Court further found that Plaintiffs "fail[ed] to respond to the arguments raised by the Marchant Defendants," and therefore granted the Marchant Defendants' motion as uncontested.  *Id*.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), the Marchant Defendants, Spyscape, and Moran each move to dismiss the Second Amended Complaint for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2) (authorizing dismissal for "lack of personal jurisdiction.").  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction," a threshold issue that must be resolved before the Court reaches the merits. *O'Connor v. Sandy Lane Hotel Co*., 496 F.3d 312, 316 (3d Cir. 2007); *Small v. Camden Cnty*., 728 F.3d 265, 270 (3d Cir. 2013).  To meet that burden, a plaintiff is required to establish a *prima facie* case by demonstrating with "reasonable particularity sufficient contacts between the defendant and the forum state."  *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc*., 819 F.2d 434, 437 (3d Cir. 1987).  While a plaintiff is entitled to have all allegations taken as true and factual disputes resolved in their favor, *see Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018), allegations that "are no more than conclusions[] are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A plaintiff also may not "rely on the bare pleadings alone" and must "respond with actual proofs, not mere allegations."  *Time Share Vacation Club v. Atlantic Resorts, Ltd*., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

2

"Under Federal Rule of Civil Procedure 4(e), a federal district court has personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).  The question of personal jurisdiction depends on: (1) whether there is "a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the law of the forum state"; and (2) whether the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.  *Id*. (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)).  Because Pennsylvania's long-arm statute authorizes personal jurisdiction over nonresidents to the "fullest extent allowed under the Constitution of the United States," 42 Pa. C.S. § 5322(b), the two inquiries merge into one.  *See Mellon Bank v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).  With that in mind, the Due Process Clause allows for two types of personal jurisdiction: general and specific.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-15 (1984).

The Marchant Defendants, Spyscape, and Moran each argue that Plaintiffs have failed to establish general jurisdiction.  Plaintiffs do not address these arguments in their opposition briefs and therefore have waived any opposition.  *See Diaz v. Progressive Advanced Ins. Co.*, 2020 WL 868133, at *2 (E.D. Pa. Feb. 21, 2020) ("Moreover, [Plaintiff] failed to respond to this argument in his brief, and the Court therefore treats the argument as unopposed."); *Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp.3d 701, 712 (E.D. Pa. 2016) ("[B]y filing a response in opposition to [Defendant's] motion to dismiss that addressed some, but not all, of [Defendant's] arguments, abandoned those claims upon which she failed to make any substantive arguments, and those claims are therefore waived.").

As to specific jurisdiction, "[t]he Supreme Court has articulated two tests . . . : (1) the

3

'traditional' test – also called the 'minimum contacts' or purposeful availment test . . . and (2) the 'effects' test." *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (citing *Calder v. Jones*, 465 U.S. 783, 787 n.6 (1984)).  Under the traditional test, the specific-jurisdiction inquiry has three parts: (1) "the defendant must have 'purposefully directed [its] activities' at the forum,"; (2) "the litigation must 'arise out of or relate to' at least one of those activities"; and, (3) the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317.  The *Calder* "effects" test, by contrast, is used to assess personal jurisdiction over an intentional tortfeasor whose "contacts with the forum . . . otherwise [do] not satisfy the requirements of due process" under the traditional test.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998).  It "requires a plaintiff to plead facts establishing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and[,] (3) the defendant expressly aimed his tortious conduct at the forum." *Id.*

In their motions, the Marchant Defendants, Spyscape, and Moran explain why the Court lacks personal jurisdiction under the traditional minimum contacts framework.  In opposing the Marchant Defendants and Spyscape, however, Plaintiffs do not meaningfully engage with that analysis; instead, they assert only that the alleged facts "satisfy the *Calder* effects test." Plaintiffs therefore waive any argument that jurisdiction is proper under the traditional test.[2]  *See Levy-Tatum*, 183 F. Supp.3d at 712.

---

[2] In response to Moran, it is unclear what specific-jurisdiction framework Plaintiffs intend to invoke.  Although Plaintiffs recite—without supporting authority—the three-part "traditional" specific-jurisdiction inquiry, they rely on *Calder* to address the first prong (purposeful direction).  But *Calder* articulated the separate "effects" test, which—while "cut from the same cloth"—has "distinct requirements" from the traditional analysis.  *Hasson*, 114 F.4th at 189 (citing *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007)).  Because Plaintiffs do not develop any argument—supported by appropriate authority—showing that Moran purposefully directed activities at Pennsylvania under the traditional test or addressing any element of the *Calder* "effects" test, any such argument is waived.  *See*, *e.g.*, *Stursberg v. Morrison Sund, Pllc*, 2020 WL 7319546, at *11 n.9 (E.D. Pa. Dec. 11, 2020) (finding waiver where plaintiff "only addresse[d] the *Calder* effects test in his opposition brief, not the traditional test."); *see also United States v. Stock*, 728 F.3d 287, 290 n.3 (3d Cir.2013) (holding that mere passing reference to an issue without argument or supporting citations waives the issue).

As to Plaintiffs' invocation of the *Calder* "effects" test, the Court concludes that personal jurisdiction is lacking because Plaintiffs have not established the third prong—that the Marchant Defendants and Spyscape expressly aimed their conduct at the forum.  *See, e.g.*, *Williams v. Elliott*, 2020 WL 470308, at *5 (E.D. Pa. Jan. 29, 2020) ("The Third Circuit has instructed that district courts need not consider the first two elements unless the 'expressly aimed' element is first met.") (internal quotations omitted).

A defendant "expressly aim[s] . . . tortious conduct at the forum" if it "manifest[s] behavior intentionally targeted at and focused on the forum."  *IMO Indus., Inc.*, 155 F.3d at 265. In opposing both the Marchant Defendants and Spyscape, the thrust of Plaintiffs' jurisdictional argument is that those Defendants "acted in concert with co-defendants to disseminate false allegations regarding Plaintiffs' alleged criminal investigations, knowing Plaintiffs' business operations and reputation were centered in Pennsylvania."[3]  Plaintiffs contend that this "satisfies the *Calder* effects test."  But Plaintiffs do no more than "[s]imply assert[] that the [D]efendant[s] knew that the [P]laintiff[s'] principal place of business was located in the forum" which allegation is insufficient standing alone to satisfy the requirement that the Marchant Defendants and Spyscape "expressly aimed" their conduct at the forum.  *IMO Indus., Inc.*, 155 F.3d at 265. Accordingly, Plaintiffs have not met their burden to establish specific jurisdiction over the Marchant Defendants[4] and Spyscape.

---

[3] Plaintiffs also attach a declaration from Plaintiff Stern to their response to Spyscape's Motion to Dismiss.  But Plaintiffs do not cite the declaration anywhere in their briefing or explain how any of its statements support the exercise of personal jurisdiction.  Moreover, the declaration itself includes legal arguments in support of jurisdiction. Declarations submitted on a Rule 12(b)(2) challenge are intended to supply facts—not legal conclusions—and the Court therefore will not consider those argumentative assertions.  *See Time Share Vacation Club*, 735 F.2d at 66 n.9 (reasoning that sworn affidavits or other competent evidence are necessary to establish personal jurisdiction because an *in personam* jurisdictional question "is inherently a matter which requires *resolution of factual* issues outside the pleadings, i.e. whether in personam jurisdiction actually lies.") (emphasis added).

[4] In opposing the Marchant Defendants' Motion to Dismiss, Plaintiffs also attach and cite a declaration from

Because Plaintiffs have failed to establish that specific or general jurisdiction exists over the Marchant Defendants and Spyscape, their respective Rule 12(b)(2) Motions shall be granted.   Moreover, in light of Plaintiffs' failure to respond to the arguments raised by Moran in her Rule 12(b)(2) Motion, said Motion shall be granted as uncontested.   Accordingly, Plaintiffs' claims against the Marchant Defendants, Spyscape, and Moran shall be dismissed without prejudice.  *See Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim.  Ordinarily, such a dismissal is without prejudice." (internal quotation marks omitted)).[5]

An appropriate order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

_____

WENDY BEETLESTONE, C.J.

---

Plaintiff Stern.  The declaration describes aspects of Plaintiffs' relationship with the Marchant Defendants, but Plaintiffs do not explain how any of those facts satisfy the *Calder* "effects" test.  Even if the Court were to undertake that analysis on Plaintiffs' behalf, the declaration does not support the exercise of personal jurisdiction.

Stern attempts to assert that the Machant Defendants' operation of its online subscription-based news outlet, Offshore Alert, establishes that the Marchant Defendants' expressly target Pennsylvania.  Stern asserts that the Marchant Defendants "contract[ed] with me and my Pennsylvania-based business; bill[ed] me in Pennsylvania; provid[ed] a multi-seat subscription account for Pennsylvania-based users; and deliver[ed] subscription services to me and my company while we were in Pennsylvania."  But contacts arising from an online, subscription-based publication—without more—do not show that the Marchant Defendants expressly aimed conduct at Pennsylvania. *See Hasson*, 114 F.4th at 190 ("And we, like several sister courts, have held that a defendant does not expressly target a forum merely by operating a website that is accessible there—even when the plaintiff alleges harm in that forum arising out of his engagement with that website.").  Nor does the mere existence of a contract with a forum resident suffice to establish specific jurisdiction. *See Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) ("The fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident.").

[5] In their response to Spyscape's motion, Plaintiffs state—in a single sentence—that "[a]t minimum, jurisdictional discovery is warranted."  Such a conclusory statement, made without any factual or legal support, is deemed waived. *See Reynolds*, 128 F.3d at 178; *see also Lehigh Gas Wholesale, LLC v. LAP Petroleum, LLC*, 2015 WL 1312213, at *5 (E.D. Pa. Mar. 23, 2015) ("Plaintiff has not presented factual allegations sufficient to give rise to jurisdictional discovery, and accordingly, Plaintiff's implicit request to engage in jurisdictional discovery is denied.")